No. 199. KOEHLER ET AL. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. MR. JUSTICE BLACK is of the opinion certiorari should be granted. Dissenting memorandum filed by MR. JUSTICE JACKSON. *Elbert R. Jandt* and *Ben F. Foster* for petitioners. *Solicitor General Perlman, Assistant Attorney General McInerney* and *Robert S. Erdahl* for the United States.

Memorandum by MR. JUSTICE JACKSON, dissenting.

This case involves the power of federal officials to bring state officials to punishment under the remnants of Reconstruction Period legislation.

The state officer in this case, I may observe, richly deserves severe punishment. But the question in the case is one of federal against state power, a line which should not waver with the merits of individuals involved.

The statute, 18 U. S. C. § 242, is vague and general in the extreme. It makes criminal the willful "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . ."

It is apparent from this case that this statute enables a federal administration to hold over all state officers a threat of prosecution whose vagueness is attested by the fact that this Court cannot decide most issues of deprivation of constitutional right without dissent, and often divides five to four.

The constitutionality of this very statute was recently sustained by a margin so narrow that no opinion could muster a Court majority. Even those who sustained it did so only by an interpretation of "willful" to require more than doing of the forbidden act, saying such "narrower" construction had support in the history of the act. It was construed to require a specific intent to deprive

one of constitutional rights in addition to the evil purpose in doing the act itself. The lower courts were reversed because the issue of specific intent to deprive of a constitutional right was not presented to the jury. *Screws* v. *United States,* 325 U. S. 91.

In this case the trial court properly charged the jury that it must find this specific intent. But it also instructed that "The color of the act determines the complexion of the intent. The intent to injure or defraud is presumed when the unlawful act, which results in loss or injury, is proved to have been knowingly committed. It is a well settled rule, which the law applies to both criminal and civil cases, that the intent is presumed and inferred from the result of the action."

This is wrong even by the test of the *Screws* decision. That opinion, referring to the specific intent, said, "And in determining whether that requisite bad purpose was present the jury would be entitled to consider all the attendant circumstances—the malice of petitioners, the weapons used in the assault, its character and duration, the provocation, if any, and the like." *Screws* v. *United States, supra,* at 107. In other words, while the *Screws* decision contemplated the decision of this issue on the whole evidence, the charge below presumed it from a single act. This is not a technical difference. Under the trial court's construction, the Government may merely prove the act and rest—the presumption does the work of evidence. Under the *Screws* case, no such presumption was authorized—the Government would have to produce evidence, circumstantial in most cases, to be sure, from which the jury could reasonably infer the specific intent. That, of course, made the way of the Government harder, but it was in this fact that the *Screws* opinion found assurance that the vague generalities of the statute could not become a menace to civil liberties or to

state officials. This assurance of protection becomes a hoax if the requirement of specific intent is now to be wiped out with a presumption.

And this is no trivial matter. American criminal law heretofore has had little use for presumptions of criminality. It has required proof beyond a reasonable doubt of all matters that were elements of the crimes. Under the normal charge, which I think the *Screws* opinion contemplated, the jury would be instructed that they must, from all the evidence in the case, be satisfied beyond a reasonable doubt that the specific intent to deprive of a constitutional right was present. Under the decision in this case, they can find a defendant guilty without even considering whether the evidence would show specific intent, for the presumption of law takes the place of the evidence. The burden of proof is on the defendant to overcome the presumption and establish his innocence of intent. If this is not a dangerous and novel importation into American criminal law, I do not recognize danger when I see it.

If this decision is allowed to stand, it is a rather earlier fulfillment of the fears of those of us who dissented in *Screws* than I had anticipated. The dissenting opinion of Judge Russell below seems to me the sound view of the law. I think our duty is to grant the writ.

In not joining this dissent, MR. JUSTICE FRANKFURTER wishes to refer to his views as to the meaning of a denial of certiorari. See *Maryland* v. *Baltimore Radio Show, Inc.,* 338 U. S. 912.