**Millard L. HILLYER, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Appellee.**

No. 24308.

United States Court of Appeals
Fifth Circuit.

June 23, 1967.

Thomas F. Walsh, Savannah, Ga., for appellant.

Mathew Robins, Deputy Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., G. Ernest Tidwell, Executive Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM:

Appellant filed this pro se petition for habeas corpus in the United States District Court for the Southern District of Georgia, counsel was appointed, and after a hearing the petition was denied. Prior thereto appellant had filed a similar petition for habeas corpus in the Reidsville, Georgia, City Court which was denied after a hearing.

In 1961, the accused entered a plea of guilty, without counsel, in the Superior Court of Lowndes County, Georgia, to a charge of forgery, a felony, and was sentenced to a term of three to five years.

He said that after his arrest he was held without bond having been set or a preliminary hearing held, without having been informed of the charges against him, and that at no time did he ever have a lawyer. He stated that when he appeared before Judge Lilly in the Lowndes County State Court he asked the Judge to appoint a lawyer and was told that the court furnished lawyers only in capital cases. He stated that the Judge did not apprise him of his constitutional rights but told him that he was charged with forgery, the possible penalty for the offense, and asked how he pled. More specifically, he denied he was advised by the Judge of his right to counsel, though he was asked if he was represented by counsel.

■ Judge Lilly's testimony was received by answers to written interrogatories. He testified, "I explained to him his constitutional rights in full details." He said the accused intelligently and understandingly waived his right to a jury trial and voluntarily entered a plea of guilty after the accusation was read to him and that he was thoroughly apprised of the charges against him. He said his policy in the court always was "to explain to each defendant his constitutional rights," which was done in the present case. He denied that the defendant asked him to appoint counsel for his defense and stated that he did not deny the request and would not have denied it if it had been made. His testimony does not show, however, that he explained to the defendant that he had the right to counsel or that he was offered counsel. There is no written waiver by defendant in the record; however, the record shows that on the written accusation there appears the following: "the defendant, Millard Hillyer, waives the two day Notice, trial by a jury, indictment by grand jury and pleads guilty. This 27th of October 1961," and appellant signed below the recital of facts. It is impermissible to presume waiver of counsel from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ We are confronted here with somewhat the same situation as occurred in Molignaro v. Dutton, 5 Cir., 1967, 373 F.2d 729, where the state district judge who had received a guilty plea of defendant not represented by counsel testified in answers to interrogatories that the defendant "was advised of his constitutional rights concerning the appointment of legal counsel for his defense." We remanded that case for further development of the facts because we were unable to tell from the judge's conclusory statement whether there was adequate communication to the accused of his right to counsel if the defendant was indigent and unable to provide his own counsel. Of course, an indigent accused is entitled to be represented by counsel even when making a plea of guilty unless he intelligently and competently waives that right. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); Knight v. Balkcom, 5 Cir., 1966, 363 F.2d 221; Davis v. Holman, 5 Cir., 1966, 354 F.2d 773; Davis v. United States, 5 Cir., 1967, 374 F.2d 1.

■ From the present record we are unable to determine whether the state district judge advised the accused of his right to be represented by counsel, or that, if he was financially unable to provide counsel, the court would appoint counsel for him. Since the evidence does not affirmatively show these important facts, it is necessary that we reverse and remand the case in order that a new hearing may be held and all the facts concerning the offer of counsel and appellant's claimed waiver thereof be fully developed for the record.

Reversed and remanded.