William J. **MILLER** and Lloyd Vallee,
Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 25931.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1968.

Certiorari Denied April 7, 1969.
See 89 S.Ct. 1314.

Hilary J. Gaudin, New Orleans, La., William Coci, Metairie, La., for appellants.

Harry F. Connick, Horace P. Rowley, III, Asst. U. S. Attys., Louis C. La Cour, U. S. Atty., New Orleans, La., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM:

This is a police brutality case. The appellants William Miller and Paul Vallee were deputy sheriffs of Jefferson Parish, Louisiana. They were charged with the infliction of summary punishment upon two men in their custody and convicted by a jury of violating 18 U.S. C.A. § 242.[1]

The evidence at trial showed that on the night of October 24, 1966, Miller and Vallee participated in the arrest of James Dyle and Lee Gauthe on suspicion of burglary. Although the two deputies were instructed by a superior officer to take Dyle and Gauthe to the police station lockup, they drove instead to a secluded alley and attempted to extract confessions from the suspects. Their

---

1. 18 U.S.C.A. § 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

methods of interrogation were somewhat bizarre. According to one deputy who testified for the government, Miller opened the rear door of the police patrol car and Vallee activated his "K-9" police dog causing it to bite Dyle. The dog had been trained to strike at whatever part of a man's body was indicated by its handler. Vallee utilized this training by slapping Dyle in various places and then standing aside while the dog attacked him. Dyle was tormented in this manner for about seven or eight minutes until the arrival of Vallee's superior. The suspects were then taken to the West Bank Lockup in Gretna, Louisiana, and there Vallee again turned his dog on Dyle. Miller, for his part, lifted Gauthe by his feet, and holding him upside down, pounded his head against the lockup floor.

Miller and Vallee both appeal their convictions and their two year suspended sentences. Only two of their contentions seem to us to merit discussion.

■ First, appellants contend that 18 U.S.C.A. § 242 is inapplicable to their subhuman and vicarious animalism. They argue that the visitation of the statute arises only when race, color or alienage is involved. Our reply is that appellants misread the statute. In United States v. Classic, 1941, 313 U.S. 299, 327, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368, 1384, Mr. Justice Stone noted that the statute:

> "authorizes the punishment of two different offenses. The one is willfully subjecting any inhabitant to the deprivation of rights secured by the Constitution; the other is willfully subjecting any inhabitant to different punishments on account of his color or race, than are prescribed for the punishment of citizens."

The bill of information under which Miller and Vallee were charged shows that they were convicted of the first offense denominated by the statute, and that race, color and alienage were therefore irrelevant. So long as the deputies deprived Dyle and Gauthe under color of law of the constitutional right not to be summarily punished without due process of law, 18 U.S.C.A. § 242 was violated. All people regardless of taint or degradation so long as they are inhabitants of a state, territory or district are within the statute's protective embrace. Even suspected criminality or accomplished incarceration furnish no license for the destruction of guaranteed constitutional rights. Cancino v. Sanchez, 9 Cir.1967, 379 F.2d 809; Koehler v. United States, 5 Cir.1951, 189 F.2d 711, cert. denied, 342 U.S. 852, 72 S.Ct. 75, 96 L.Ed. 643.

■ Appellants' second contention envisions error in the jury's verdict under count three of the bill of information. This count charged Miller and Vallee with canine incitement in the vicinity of Fourth and Grefer Streets in that they did unlawfully cause a police dog to snap at, bite, and injure James T. Dyle. Appellants argue that there is insufficient evidence to sustain the jury's verdict on this count.

■ We have thoroughly reviewed the evidence in support of the jury's verdict and find that it was ample to support appellants' convictions. The record contains testimony that (1) Miller, Vallee and the police dog were all present in the alley near Fourth and Grefer Streets, (2) that Miller opened the door of the police car and allowed Vallee to put his dog in the back seat with Dyle and Gauthe, and (3) that Vallee caused his dog to bite Dyle for the purpose of coercing a statement from him. This evidence was all presented before the government rested its case. Taking a view of this testimony in a light most favorable to the government as the scope of our appellate review requires, we find that there was substantial evidence in the record to validate the jury's decision. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Fox v. United States, 9 Cir.1967, 381 F.2d 125; United States v. Carabbia 6 Cir.1967, 381 F.2d 133, cert. denied 389 U.S. 1007, 88 S.Ct. 564, 19 L.Ed.2d 602; Ruiz v. United States, 5 Cir.1967, 374 F.2d 619; Sykes v. United

States, 5 Cir.1966, 373 F.2d 607, cert. denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138.

We have carefully considered appellants' other contentions and find them without merit.

Affirmed.