Steven Henry ROBERTS, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary of Florida Department of Correction and Rehabilitation and Etc., Respondent.

No. 81–5648

Non-Argument calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1982.

Steven H. Roberts, pro se.

Calvin L. Fox, Asst. Atty. Gen., State of Fla., Miami, Fla., for respondent.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Roberts pleaded guilty to attempted rape. A Florida state court sentenced him to ten years' probation on condition that he be incarcerated for two and one-half years. After his release from incarceration, he was charged with violating the terms of his probation. Following a full hearing, Roberts' probation was revoked and he was sentenced to fifteen years' imprisonment.

Roberts subsequently filed a petition for habeas corpus pursuant to 28 U.S.C.A. § 2254, alleging that his guilty plea to attempted rape was made without knowledge of the consequences of the plea and that he was denied effective assistance of counsel because counsel had insufficient time to familiarize himself with the facts and law of the case. The district court, proceeding upon the basis that appellant had exhausted state remedies, dismissed Roberts' petition.[1] Roberts' present incarceration, the court ruled, was the result not of his guilty plea to attempted rape but of his violation of probation requirements. For that violation he did not plead guilty and was represented by counsel before a full hearing in state court. The district court held that Roberts' claim of an involuntary guilty plea would, therefore, entitle him to no relief. Turning next to Roberts' claim that he was denied effective assistance of counsel, the court found that petitioner had not shown how he was prejudiced from his counsel's lack of time to prepare and ruled that his allegation of ineffective assistance was too conclusory to set out a claim for relief. The court, without a hearing, held that claim without merit.

On appeal, Roberts does not contest the lower court's dismissal of his claim that he entered a guilty plea without knowledge of the consequences. We consequently deem that claim abandoned. *Red v. Blackburn*, 636 F.2d 1027, 1028 (5th Cir. 1981).

---

1. It is not at all clear that Roberts had in fact exhausted his state remedies as required by 28

U.S.C.A. § 2254(b).

We do, however, disagree with the district judge's conclusion that Roberts' claim of ineffective assistance was too conclusory to merit consideration. Initially, we observe that a court should interpret a pro se petition such as Roberts' more liberally than it might interpret a petition by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971); *Dupart v. United States*, 541 F.2d 1148, 1150 (5th Cir. 1976); *Haggard v. Alabama*, 494 F.2d 1187, 1189 (5th Cir. 1974). Liberally interpreted, we believe that the petition does set forth a claim for relief that warrants further judicial inquiry. Roberts contends that counsel was inadequately prepared to defend him. His charge, if confirmed by the totality of circumstances in the case, would be grounds for granting his petition. *See Baty v. Balkcom*, 661 F.2d 391 at 393–395 (5th Cir. 1981); *Gaines v. Hopper*, 575 F.2d 1147 (5th Cir. 1978). We note, moreover, that the cases the district court cites, *United States v. Doran*, 564 F.2d 1176, 1177–78 (5th Cir. 1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978), and *Cappetta v. Wainwright*, 433 F.2d 1027, 1029–30 (5th Cir. 1970), rejected claims of ineffective assistance only after an examination of the record disclosed no prejudice. Unlike the district court, they did not reject the petitioner's claim without consideration of its merits.

The district court on remand should determine whether Roberts has in fact exhausted his state remedies and so should be permitted to file a habeas corpus petition in federal court. *See Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980). If the court finds that Roberts has exhausted his state remedies, it should inquire into the merits of his claim of ineffective assistance.[2] If no state record exists that is adequate for the federal district court to evaluate Roberts' claim,[3] that court should hold its own evidentiary hearing. *See e.g., Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963); *Williams v. Blackburn*, 649 F.2d 1019, 1021 (5th Cir. 1981); *Burden v. Alabama*, 584 F.2d 100, 102 (5th Cir. 1978).

The judgment of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.

---

2. It is not altogether clear from Roberts' petition whether he is claiming ineffective assistance by counsel's advising him to plead guilty to attempted rape or by counsel's representing him at his probation hearing. The precise nature of Roberts' claim should be developed on remand. We do not reach here the issue of whether a claim of ineffective assistance by counsel's advising him to plead guilty is moot because his confinement is not the result of his guilty plea but rather of his violation of probation. We observe, however, that we have held that federal courts have jurisdiction to hear habeas corpus petitions "if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979), *cert. denied*, 444 U.S. 1023,

100 S.Ct. 684, 62 L.Ed.2d 656 (1980); *see also Escobedo v. Estelle*, 655 F.2d 613, 614 (5th Cir. 1981).

3. Roberts contends that he should have only the burden of showing possible lines of inquiry that counsel had he had more time might have pursued. If he meets that burden, Roberts asserts that there should be a rebuttable presumption of prejudice. Such is not the law. The burden of proof for showing ineffective assistance of counsel is, and remains, on petitioner throughout a habeas corpus proceeding. *See, e.g., Jones v. Estelle*, 632 F.2d 490, 491, 492 (5th Cir. 1980); *Rhodes v. Estelle*, 582 F.2d 972, 973 (5th Cir. 1978).