Robert GOLDEN, Jr.,
Petitioner-Appellant,

v.

Lanson NEWSOME, Warden,
Respondent-Appellee.

No. 83–8858.

United States Court of Appeals,
Eleventh Circuit.

March 25, 1985.

Sandra Popson, Macon, Ga. (Court appointed), for petitioner-appellant.

Paula K. Smith, Atlanta, Ga., for respondent-appellee.

Before JOHNSON and CLARK, Circuit Judges, and LYNNE *, District Judge.

LYNNE, District Judge:

This appeal from the district court's denial of habeas corpus relief presents a novel question of constitutional law: does a criminal defendant who escapes during trial automatically waive his Sixth Amendment right to be represented by counsel at subsequent stages of the criminal proceeding? The court below found that the appellant's escape during trial did amount to an implied waiver of his right to be represented by counsel at sentencing, and therefore refused to vacate a state court sentence handed down with neither appellant nor his counsel present at the sentencing hearing. Because this Court is convinced that appellant did not waive his right to counsel at sentencing merely by virtue of his escape during trial, we now reverse the district

court's denial of habeas corpus relief and remand with directions.

## FACTS AND PROCEEDINGS BELOW

Appellant Robert Golden, Jr., was tried for felony theft by taking in the Superior Court of Bibb County, Georgia, on May 16 and 17, 1977. His court-appointed attorney was Mr. Thomas Dunn. Appellant Golden was in attendance during the first day of trial, but he escaped custody on the morning of May 17, 1977, voluntarily absenting himself from the remainder of the proceedings. The escape occurred after all of the evidence in his case had been introduced and after the closing arguments of both counsel, but before the trial judge charged the jury. The trial continued without Golden, and the jury (which was then unaware of Golden's escape)[1] returned a guilty verdict.

On July 19, 1977, the trial court conducted a deferred sentencing hearing and sentenced appellant *in absentia* to seven years in the penitentiary.[2] Apparently neither Mr. Thomas Dunn, appellant's trial attorney, nor any other attorney appeared on appellant's behalf to represent him at the sentencing hearing.[3] It appears that

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. A review of the record in this case reveals that appellant Golden testified at his trial on May 16, 1977. When trial resumed the following day, it was stipulated, outside the presence of the jury, that Golden had escaped custody. (Respondent's Exhibit No. 3, Vol. I, p. 70). All the evidence was closed, and arguments had already been completed. The jury was then brought back to the courtroom and charged. After the jury returned its verdict of guilty, the jurors were polled at the request of appellant's trial attorney. The jurors indicated that they had not known during their deliberations of Golden's escape. *Id.* at 82.

2. This sentence was well within the statutory limits for the offense charged. *See* O.C.G.A. § 16–8–12(a)(1), Ga.Code Ann. § 26–1812(a) (Harrison, 1978).

3. At oral argument, the appellee conceded that no record was available of the sentencing proceeding in the Bibb County Superior Court. Thus, although there is some room for speculation that Golden may actually have been repre-

sented by counsel at sentencing, there is no affirmative evidence in the record to that effect. To the contrary, there is affirmative evidence in the record that Golden was *not* represented by counsel at sentencing. Golden's trial attorney, Mr. Thomas Dunn, testified by deposition that he did not attend the deferred sentencing hearing, and did not know of any other attorney who would have attended on Golden's behalf. *See* Deposition of Thomas Dunn, p. 10, 16–17; Respondent's Exhibit No. 3, Vol. I, p. 59. It is axiomatic that the state bears the burden of establishing a clear and complete record of criminal proceedings. This the state failed to do. In the face of at least some affirmative evidence that no counsel for defendant attended the sentencing hearing, and with no affirmative evidence that counsel was present, the court below correctly assumed as a matter of law that Golden was not represented by counsel at his sentencing hearing. *Cf. Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (where certified records of Tennessee forgery convictions did not affirmatively show that defendant was represented by counsel or that he waived counsel, the records on their face raised a presumption that defendant was denied his right to counsel). *See also United States ex rel. Lasky v. LaVallee,* 472 F.2d 960 (2d Cir.1973);

Mr. Dunn was busy closing up his Georgia practice in preparation for a move to Louisiana, and consequently neglected to either attend his client's sentencing hearing or to arrange for the attendance of substitute counsel.

Following appellant's sentencing without benefit of counsel, Mr. Dunn's former associate, Mr. Hubert Hamilton, III, took over the appeal of appellant's case. While the appeal was pending, appellant was apparently captured in Tallahassee, Florida, in December, 1977. Following extradition proceedings, Golden was returned to the custody of Georgia officials on or about February 17, 1978. He made no effort to contact Mr. Hamilton (who was still in the same office he had shared with Mr. Dunn and could still be reached at the same telephone number he had shared with Mr. Dunn) to inform Hamilton of his return to the custody of Georgia officials. On February 27, 1978, the Georgia Court of Appeals, aware of information that Golden may have been recaptured in Florida but unaware Golden had been returned to Georgia correctional authorities, dismissed his appeal on the ground that Georgia courts refuse to entertain appeals of escapees. *Golden v. State*, 145 Ga.App. 36, 243 S.E.2d 303 (1978). The court noted that there was no indication that Golden was even aware that the appeal was being prosecuted, and refused to construe the "escap-ee exception" to the right of appeal narrowly so as to allow appeal where the escapee has been returned to the custody of another state.

On June 28, 1978, Golden again escaped custody. He committed further crimes and was later arrested, tried and convicted for shoplifting by distraction and theft by taking in the Superior Court of Sumter County, Georgia. He was subsequently sentenced to further prison terms for these crimes. The sentencing court was informed of appellant's past record, and ordered that the new sentences run consecutive to the Bibb County sentence.

Golden then filed a series of state habeas corpus petitions. Relief was denied. Having exhausted all state court remedies, on June 14, 1983, Golden filed a *pro se* federal habeas petition in the court below, alleging ineffective assistance of counsel at trial and on appeal in the Bibb County case and denial of the right to counsel and effective assistance of counsel at the Bibb County sentencing hearing.[4] On October 17, 1983, the court below entered an order denying habeas corpus relief. The court found that appellant received effective assistance of counsel at trial; that appellant had not received ineffective assistance of counsel on appeal because appellate counsel could not reasonably have known that Golden had been

---

*United States ex rel. Ackerman v. Russell*, 388 F.2d 21 (3d Cir.1968); *Ingram v. Wingo*, 320 F.Supp. 1032 (E.D.Ky.1971). *See generally Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (presuming waiver of right to counsel from silent record is impermissible, and records must show, or there must be allegations and evidence, that accused was offered counsel but intelligently and understandingly rejected offer); *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) (presumption of waiver of counsel·from silent record impermissible); *United States v. Lewis*, 486 F.2d 217 (5th Cir.1973) (accord); *Hillyer v. Dutton*, 379 F.2d 809 (5th Cir.1967) (accord); *McConnell v. United States*, 375 F.2d 905 (5th Cir.1967) (accord); *Lee v. United States*, 322 F.2d 770 (5th Cir.1963) (accord).

4. The State has contended that Golden's federal habeas petition did not properly raise the issue of counsel's effectiveness at sentencing. While

it is true that the petition itself did not expressly raise the issue, the appellant's accompanying brief made the implicit issue an explicit one. It is well-settled that mere errors of pleading and other matters of form will not bar consideration of the *pro se* claims of federal habeas petitioners, for habeas corpus petitions drawn by the inexpert hand of laymen in confinement are not scrutinized as closely for compliance with formal standards as are those drawn by practicing attorneys. *See Roberts v. Wainwright*, 666 F.2d 517 (11th Cir.1982), *cert. denied* 459 U.S. 878, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *Mays v. Balkcom*, 631 F.2d 48 (5th Cir.1980); *Hairston v. Alabama*, 465 F.2d 675 (5th Cir.1972); *Dixon v. Jacobs*, 427 F.2d 589 (D.C.Cir.1970). *Pro se* petitions such as Golden's have traditionally been interpreted quite liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). *Accord, Roberts v. Wainwright*, 666 F.2d at 519. Thus, we hold that the effectiveness issue was timely raised.

returned to the custody of Georgia officials prior to the dismissal of the appeal; and, most importantly, that appellant had, by escaping, waived his right to be represented by counsel at sentencing. The court below did not separately address Golden's claim that he had been denied effective assistance of counsel at sentencing, apparently because it viewed the right to effective assistance of counsel as derivative from the right to be represented by counsel.

Golden now appeals from the lower court's denial of habeas corpus relief, claiming that the court below erred as a matter of law in holding that a criminal defendant who escapes during trial automatically waives his Sixth Amendment right to counsel and to effective assistance of counsel at sentencing.[5]

## DISCUSSION

 The question presented by this appeal is a novel one. It is clear that a defendant who escapes from custody during trial thereby waives his Sixth Amendment rights to be personally present and to confront witnesses both during the remainder of the trial and during sentencing. Thus, escapees may be sentenced *in absentia. Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). *Cf. Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Therefore, had Golden's trial attorney or substitute counsel appeared at the sentencing to offer any evidence in mitigation of the sentence, to monitor the veracity of any information upon which the sentence was based, and to present arguments

for a lesser sentence, Golden would probably have no legal basis for complaint.

Golden's attorney did not attend the sentencing hearing, however. Nor did Mr. Dunn arrange for the appearance of substitute counsel. As a result, no one was present at the deferred sentencing hearing to represent Golden's interests. The sentence was handed down not only *in absentia,* but without benefit of counsel. While the Supreme Court has sanctioned sentencing of escapees *in absentia,* no federal court has previously held that an escapee who has not expressly waived his right to counsel may nevertheless be sentenced in the total absence of counsel. That is the question this panel is called upon to decide.[6]

This is a troublesome question. There is a temptation to invoke an analogue of the equitable doctrine of "unclean hands" and deny relief on the theory that because Golden chose not to appear himself, he had no right to expect his attorney to attend, either. It seems that the district court essentially gave in to this temptation, reasoning that because the defendant escaped, he waived his right to present mitigating evidence, and also his right to the assistance of counsel, since "there was nothing for counsel to assist." (Record Excerpts at 49–50).

 But the analysis is not as simple as that. The Sixth Amendment guarantees criminal defendants several separate ·and distinct rights. One is the defendant's right to be present at trial and sentencing and to confront witnesses against him. This right is waived, however, if the de-

---

**5.** In addition to his claims of denial of the right to counsel and to effective assistance of counsel at sentencing, Golden initially appealed from the lower court's findings that he had not been afforded ineffective assistance at trial and on appeal. At oral argument, Golden's court-appointed counsel, who represented him so vigorously and effectively in this appeal, expressly abandoned these contentions while acknowledging that she had not consulted her client about such waiver. We have reviewed the record, as she obviously had, and conclude that these grounds of appeal are without merit under the standards for review of counsel's performance

articulated in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**6.** It is clear that, if the right to be represented by counsel was not waived, both the right to be represented by counsel and the derivative right to effective assistance of counsel were denied on the facts of this case. *See United States v. Cronic,* —— U.S. ——, —— n. 25, 104 S.Ct. 2039, 2047 n. 25, 80 L.Ed.2d 657, 668 n. 25 (1984) (total absence of counsel presumptively prejudicial and constitutes ineffective assistance of counsel). Thus, there is no need to analyze the two rights separately.

fendant voluntarily absents himself from the proceedings. *Taylor*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174; *Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353. Separate from the right to be present and to confront witnesses are the right to be represented by counsel and the related right to effective assistance of counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These rights are fully applicable at a sentencing hearing, which has been called a "critical stage" of the criminal proceeding. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977); *Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Huff*, 512 F.2d 66 (5th Cir.1975). Whereas a defendant's escape is clear and unequivocal evidence that the defendant wishes to forego his right to be present during further proceedings, his escape tells us very little about his intent to forego the right to be represented by counsel and to have effective assistance of counsel. Moreover, a "waiver by escape" theory would be difficult to reconcile with the mandate of *Johnson v. Zerbst*, 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), which held that a waiver of the constitutional right to be represented and effectively assisted by counsel must be a knowing and intelligent one, and that courts must "indulge every reasonable presumption against waiver."

The appellee concedes that the *Johnson v. Zerbst* test for waiver of the right to be represented by counsel cannot be met on the facts of this case, since there is no way to determine whether the escapee intended to waive the right to counsel by escaping, and if so, whether the waiver was a competent and intelligent one. *See* Supplemental Brief of Appellee at p. 15. Unfortunately, the appellee's attempts to circumvent the requirements of *Johnson v. Zerbst* consist mainly of repeated citations of *Illinois v. Allen* and similar cases. Appellee simply urges that if a defendant waives his right to be present at trial and to confront wit-

nesses when he escapes, surely he must also waive his right to be represented by counsel and his right to effective assistance of counsel.

This argument is a weak attempt to merge the right to be present with the right to counsel, at least for purposes of waiver. Yet, as counsel for appellee essentially conceded at oral argument, such an approach would lead to dangerous if not absurd results. Thus, the skeptical defendant who decides after watching the voir dire that he would rather make a run for it than await the jury's verdict could be *tried and convicted* (as well as sentenced) without benefit of counsel. In other words, he could be convicted in an essentially inquisitorial proceeding, with no attorney present on his behalf to put the government's case through the crucible of an adversarial process. Obviously, this could undermine confidence in the ultimate result in many cases, for there would be a heightened risk that a defendant might be "convicted upon incompetent evidence" or upon perjured testimony, or despite the existence of a valid defense. *Cf. Powell v. Alabama*, 287 U.S. 45, 68–69, 53 S.Ct. 55, 63–64, 77 L.Ed. 158 (1932). In effect, the state is arguing (and the court below held) that since Golden had defied the legal system by escaping, it was acceptable to deny him a fair trial. We cannot subscribe to this theory of criminal justice.

The Supreme Court has recently reemphasized that "[l]awyers in criminal cases are necessities, not luxuries." *United States v. Cronic*, — U.S. —, —, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657, 664 (1984). This is so, the Court said, because the "very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." *Id.* at —, 104 S.Ct. at 2045, 80 L.Ed.2d at 665, *quoting Herring v. New York*, 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975). In fact, said the *Cronic* court, the presence of counsel adverse to the government is the "very premise that underlies and gives meaning to the Sixth

Amendment." *Id.* —— U.S. at ——, 104 S.Ct. at 2045, 80 L.Ed.2d at 666. Therefore, "the Court has uniformly found constitutional error *without any showing of prejudice* when counsel was either totally absent ... during a critical stage of the proceeding" or has "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Id.* at —— – ——, n. 25, 104 S.Ct. at 2045–47, n. 25, 80 L.Ed.2d at 667–68, n. 25 (emphasis supplied). *Accord, Strickland v. Washington,* —— U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 696. Clearly a lawyer can and should fulfill this adversarial function even if his client has chosen to absent himself.[7] Just as clearly, a sentencing hearing remains a "critical stage of the proceeding" whether the defendant himself is present or not. The lower court's conclusion that since defendant was absent "counsel had nothing to assist" is intriguing as a matter of semantics, but unpersuasive as a matter of constitutional law. The truth of the matter is that Attorney Dunn had fully prepared and tried this case. He was in full possession of the relevant facts surrounding the alleged crime and had consulted with his client and with witnesses on numerous occasions. He was certainly capable of presenting mitigating evidence and argu-

ment on Golden's behalf even in Golden's absence.[8]

It is true, of course, that Golden received a sentence well within the statutory limits for the crime of which he stands convicted. However, the Supreme Court has made it abundantly clear that even though a defendant has no substantive right to a particular sentence within the range authorized by statute, the total denial of counsel at a critical stage such as sentencing is presumptively prejudicial and is not to be deemed harmless error.[9] *See United States v. Cronic,* —— U.S. at ——, 104 S.Ct. at 2047, 80 L.Ed.2d at 668; *Chapman v. California,* 386 U.S. 18, 23, n. 8, 87 S.Ct. 824, 828, n. 8, 17 L.Ed.2d 705 (1967). *See also Gardner v. Florida,* 430 U.S. at 358, 97 S.Ct. at 1205; *Mempa v. Rhay,* 389 U.S. at 133, 135, 88 S.Ct. at 256, 257. As the old Fifth Circuit aptly stated,

> the very nature of the proceeding at the time of imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met.... Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendant's

---

7. Thus, in *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), where the Court held that a defendant can lose his right to be present at trial if he conducts himself in a manner so disruptive that his trial cannot proceed if he remains in the courtroom, an implicit factor in the Court's analysis was the fact that the defendant's attorney could continue to represent him while defendant was absent from the courtroom. 397 U.S. at 339–41, 351, 90 S.Ct. at 1058–59, 1065. Similarly, in *Taylor v. United States,* 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174 (1973), the Court noted that defendant's escape during trial left "the court free to proceed with the trial in like manner and with like effect as if he were present," implicitly contemplating that the defendant's attorney would be expected to continue to represent his escaped client throughout the remainder of the proceedings. *Accord, Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

8. Indeed, it is interesting to note that following Golden's escape, Mr. Dunn did continue to represent Golden throughout the remainder of the trial, despite the fact that Mr. Dunn arguably

had "nothing to assist." Similarly, Mr. Hamilton found himself able to represent Golden on appeal, even though Golden remained at large.

9. Obviously, where the precise sentence for a particular offense is manditorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not *possibly* be prejudicial. In that rare and narrow circumstance, the legal presumption of prejudice due to the absence of counsel would not apply. *Cf. Williams v. Beto,* 354 F.2d 698, 704 (5th Cir.1965). Whenever the sentencing proceeding is more than ministerial, however, the presence of counsel is essential to guide the sentencing court in the exercise of its power and discretion, and to protect the rights and interests of the defendant; the absence of counsel is therefore legally presumed to be prejudicial if the sentencing court had the legal authority to impose a more lenient sentence than it actually did.

past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as to make the absence of counsel at this time presumably prejudicial.

*Martin v. United States*, 182 F.2d 225 (5th Cir.1950), *cert. denied* 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647 (1950). The Supreme Court has recently issued a strong reaffirmation of this rule, declaring flatly that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland v. Washington*, —— U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 696.

■ In the case at hand, we cannot know whether the sentencing court was misinformed or whether the result would have been any different if Golden had been represented by counsel. No record was made of the sentencing proceeding. However, regardless of the state of the record and the accuracy of the information supplied to the court, the sentencing proceeding was fundamentally unfair. Golden was denied his right to be represented by counsel at the proceeding, and that in and of itself renders the sentence imposed constitutionally infirm. The Sixth Amendment recognizes the right to counsel because effective counsel plays a role that is critical to the ability of the adversarial system to produce just results. In this case, the justice of Mr. Golden's sentence has been rendered unreliable by a total breakdown in the adversary process at the sentencing stage of his trial. Having failed to pass through the crucible of meaningful adversarial testing, the sentence must be vacated.

## CONCLUSION

Because it cannot be said that defendant Golden's escape was a "knowing and intelligent" waiver of his right to counsel and to effective assistance of counsel under the tests enunciated in *Johnson v. Zerbst*, and because the total absence of counsel from a critical stage of a criminal proceeding such as sentencing is presumptively prejudicial, *see United States v. Cronic*, the lower court's denial of habeas corpus relief as to the Bibb County sentence was error. Insofar as the decision of the court below is inconsistent with this holding, we hereby reverse and remand. On remand, the district court shall issue a writ of habeas corpus ordering that the Bibb County sentence be vacated and that petitioner be released from confinement thereunder unless he is resentenced with benefit of counsel within 60 days. We express no opinion as to what impact our directive may have upon the consecutively imposed Sumter County sentences, a matter which was not adequately addressed in this appeal and which is left to the determination of the district court.

The decision of the court below is RE-VERSED, and the case is hereby RE-MANDED for further proceedings consistent with this opinion.