PATTERSON, Judge.
The appellant, Keith 0. McDonald, appeals from the circuit court’s judgment denying his Ala.R.Cr.P. 32 petition in which he contests his 10-year sentence for his conviction of fraudulent use of a credit card pursuant to his guilty plea.
The two claims McDonald asserts in his petition are also asserted on appeal: (1) that he was denied effective assistance of counsel during his sentencing hearing because, he says, counsel failed to object to McDonald’s not being present at the hearing, failed to investigate the importance of his presence, and failed to understand “the judicial tragedy of [McDonald’s] absence”; and (2) that he was denied due process of law when he was sentenced in absentia. In his petition, McDonald frames this latter issue in terms of whether the sentencing court had jurisdiction to sentence him in his absence, citing Ex parte Hammond, 510 So.2d 153, 154 (Ala. 1987). McDonald also asserts in his petition that he did not waive his presence at the sentencing hearing; that he “did not even know he was in jeopardy of being sen *90 tenced”; and that his mere failure to object does not constitute a waiver.
The case action summary and sentencing order show the following:
February 20, 1991: McDonald applies for youthful offender status.
March 8, 1991: McDonald pleads guilty, consideration of youthful offender application is postponed, and sentencing is set for March 22.
May 24, 1991: McDonald fails to appear. August 7,1991: Capias is issued.
March 18, 1992: McDonald fails to appear for sentencing, and his youthful offender application is denied.
March 26, 1992: The sentencing order is issued. In that order, the court states that McDonald is being sentenced in absentia upon its being informed that McDonald “has voluntarily left the jurisdiction of this court by leaving the state,” and the court finds that McDonald waived a sentencing hearing.
In denying McDonald’s petition, the circuit court issued the following order:
“Keith 0. McDonald has filed a petition pursuant to Rule 32 A.R.Crim.P. The State of Alabama has filed its answer and a motion for summary disposition.
“Based on the allegations of McDonald petition, the Court concludes that the case is appropriate for summary disposition.
“If counsel had been present at the sentencing hearing, the most counsel could have done was objected to McDonald being sentenced in absentia. Under the circumstances of this case, the Court would have overruled the objection and sentencing would have proceeded. McDonald does not allege how he was otherwise prejudiced; therefore, the Court finds that counsel was not ineffective.
“McDonald voluntarily absented himself from the State and therefore he waived his right to be present at sentencing.”
We find Golden v. Newsome, 755 F.2d 1478 (11th Cir.1985), to be controlling. In that case, the court addressed the question “does a criminal defendant who escapes during trial automatically waive his Sixth Amendment right to be represented by counsel at subsequent stages of the criminal proceeding?” Id. at 1479. In reversing the lower court’s holding that the appellant’s escape during trial amounted to an implied waiver of his right to be represented by counsel at sentencing,[1] the court stated the following:
“The question presented by this appeal is a novel one. It is clear that a defendant who escapes from custody during trial thereby waives his Sixth Amendment rights to be personally present and to confront witnesses both during the remainder of the trial and during sentencing. Thus, escapees may be sentenced in absentia. Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). Cf. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Therefore, had Golden’s trial attorney or substitute counsel appeared at the sentencing to offer any evidence in mitigation of the sentence, to monitor the veracity of any information upon which the sentence was based, and to present arguments for a lesser sentence, Golden would probably have no legal basis for complaint.
“... [N]o one was present at the deferred sentencing hearing to represent Golden’s interests. The sentence was handed down not only in absentia, but without benefit of counsel. While the Supreme Court has sanctioned sentencing of escapees in absentia, no federal court has previously held that an escapee who has not expressly waived his right to counsel may nevertheless be sentenced in the total absence of counsel. That is the question this panel is called upon to decide.
“This is a troublesome question. There is a temptation to invoke an analogue of the equitable doctrine of ‘unclean hands’ and deny relief on the theory that because Golden chose not to appear himself, he had no right to expect his attorney to attend, either. *91 It seems that the district court essentially gave in to this temptation, reasoning that because the defendant escaped, he waived his right to present mitigating evidence, and also his right to the assistance of counsel, since ‘there was nothing for counsel to assist.’ (Record Excerpts at 49-50.)
“But the analysis is not as simple as that. The Sixth Amendment guarantees criminal defendants several separate and distinct rights. One is the defendant’s right to be present at trial and sentencing and to confront witnesses against him. This right is waived, however, if the defendant voluntarily absents himself from the proceedings. [Citations omitted.] Separate from the right to be present and to confront witnesses are the right to be represented by counsel and the related right to effective assistance of counsel. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These rights are fully applicable at a sentencing hearing, which has been called a ‘critical stage’ of the criminal proceeding. Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977); Mempa v. Rhay, 389 U.S. 128,137, 88 S.Ct. 254, 258,19 L.Ed.2d 336 (1967); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States v. Huff, 512 F.2d 66 (5th Cir. 1975). Whereas a defendant’s escape is clear and unequivocal evidence that the defendant wishes to forego his right to be present during further proceedings, his escape tells us very little about his intent to forego the right to be represented by counsel and to have effective assistance of counsel. Moreover, a “waiver of escape’ theory would be difficult to reconcile with the mandate of Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), which held that a waiver of the constitutional right to be represented and effectively assisted by counsel must be a knowing and intelligent one, and that courts must ‘indulge every reasonable presumption against waiver.’
“The appellee concedes that the Johnson v. Zerbst test for waiver of the right to be represented by counsel cannot be met on the facts of this case.... Appellee simply urges that if a defendant waives his right to be present at trial and to confront witnesses when he escapes, surely he must also waive his right to be represented by counsel and his right to effective assistance of counsel.
“This argument is a weak attempt to merge the right to be present with the right to counsel, at least for purposes of waiver. Yet, as counsel for appellee essentially conceded at oral argument, such an approach would lead to dangerous if not absurd results. Thus, the skeptical defendant who decides after watching the voir dire that he would rather make a run for it than await the jury’s verdict could be tried and convicted (as well as sentenced) without benefit of counsel. In other words, he could be convicted in an essentially inquisitorial proceeding, with no attorney present on his behalf to put the government’s case through the crucible of an adversarial process. Obviously, this could undermine confidence in the ultimate result in many eases, for there would be a heightened risk that a defendant might be ‘convicted upon incompetent evidence’ or upon perjured testimony, or despite the existence of a valid defense. Cf. Powell v. Alabama, 287 U.S. 45, 68-69, 53 S.Ct. 55, 63-64, 77 L.Ed. 158 (1932). In effect, the state is arguing (and the court below held) that since Golden had defied the legal system by escaping, it was acceptable to deny him a fair trial. We cannot subscribe to this theory of criminal justice.
“The Supreme Court has recently reemphasized that ‘[l]awyers in criminal cases are necessities, not luxuries.’ United States v. Cronic, 466 U.S. 648, 653, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657, 664 (1984). This is so, the Court said, because the “very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free.’ Id. at 655, 104 S.Ct. at 2045, 80 L.Ed.2d at 665, quoting Herring v. New York, 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975). In fact, said the Cronic Court, the presence of counsel adverse to the government is the ‘very premise that underlies and gives meaning to the Sixth Amendment.’ Id. 466 U.S. at 655-56, 104 *92 S.Ct. at 2045, 80 L.Ed.2d at 666. Therefore, ‘the Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent ... during a critical stage of the proceeding’ or has ‘entirely fail[ed] to subject the prosecution’s case to meaningful adversarial testing.’ Id. at 659, n. 25, 104 S.Ct. at 2045-47, n. 25, 80 L.Ed.2d at 667-68, n. 25 (emphasis supplied). Accord, Strickland v. Washington, 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696. Clearly a lawyer can and should fulfill this adversarial function even if his client has chosen to absent himself. Just as clearly, a sentencing hearing remains a ‘critical stage of the proceeding’ whether the defendant himself is present or not. The lower court’s conclusion that since defendant was absent ‘counsel had nothing to assist’ is intriguing as a matter of semantics, but unpersuasive as a matter of constitutional law. The truth of the matter is that [Golden’s attorney] had fully prepared and tried this case.... He was certainly capable of presenting mitigating evidence and argument on Golden’s behalf even in Golden’s absence.
“It is true, of course, that Golden received a sentence well within the statutory limits for the crime of which he stands convicted. However, the Supreme Court has made it abundantly clear that even though a defendant has no substantive right to a particular sentence within the range authorized by statute, the total denial of counsel at a critical stage such as sentencing is presumptively prejudicial and is not to be deemed harmless error.[9] See United States v. Cronic, 466 U.S. at 659, 104 S.Ct. at 2047, 80 L.Ed.2d at 668; Chapman v. California, 386 U.S. 18, 23, n. 8, 87 S.Ct. 824, 828, n. 8, 17 L.Ed.2d 705 (1967). See also Gardner v. Florida, 430 U.S. at 358, 97 S.Ct. at 1205; Mempa v. Rhay, 389 U.S. at 133, 135, 88 S.Ct. at 256, 257. As the old Fifth Circuit aptly stated,
“ ‘the very nature of the proceeding at the time of imposition of sentence makes the presence of defendant’s counsel at that time necessary if the constitutional requirement is to be met.... Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant’s conduct; to correct any errors or mistakes in reports of the defendant’s past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as to make the absence of counsel at this time presumably prejudicial.’
“Martin v. United States, 182 F.2d 225 (5th Cir.1950), cert. denied, 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647 (1950). The Supreme Court has recently issued a strong reaffirmation of this rule, declaring flatly that ‘[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.’ Strickland v. Washington, 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696.
[[Image here]]
“Because it cannot be said that defendant Golden’s escape was a ‘knowing and intelligent’ waiver of his right to counsel and to effective assistance of counsel under the tests enunciated in Johnson v. Zerbst, and because the total absence of counsel from a critical stage of a criminal proceeding such as sentencing is presumptively prejudicial, see United States v. Cronic, the lower court’s denial of habeas corpus relief ... was error. *93 755 F.2d at 1481-84 (some footnotes omitted; emphasis added in Golden). See also Hill v. Bradford, 565 So.2d 208, 210 (Ala.1990) (“Sentencing is regarded as a critical stage, and an indigent defendant is entitled to the assistance of appointed counsel unless he waives that right.”); Williams v. State, 506 So.2d 368, 372 (Ala.Cr.App.1986), cert, denied, 506 So.2d 372 (Ala.1987) (wherein in remanding on direct appeal for the trial court to conduct a restitution hearing because it had not been authorized by the United States Constitution or by Alabama statute to order restitution where the defendant and his counsel were absent and where the record contained no waiver by the defendant of the absence of counsel or stipulation as to the amount of restitution, the court noted that “the denial of counsel claim could be advanced in a collateral proceeding on petition for writ of error coram nobis” and that “[b]e-cause a defendant has the right to the presence of counsel at sentencing, the court may not proceed without counsel or a waiver of counsel”).
In applying Golden v. Newsome to the facts before us, we first note that there is nothing in the record to indicate that McDonald in any manner waived his right to counsel, including his right to effective counsel. We further find that the record before us is devoid of any indication that McDonald’s sentence was “mandatorily fixed by law such that its imposition [was] merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge,” 755 F.2d at 1483, n. 9. The sentence range for the offense of fraudulent use of a credit card, a Class C felony, § 13A-9-14(e), is not more than 10 years or less than 1 year and 1 day. § 13A-5-6(a)(3). McDonald was sentenced to the maximum sentence. The court did not find that the Habitual Felony Offender Act applied. Thus, pursuant to Golden v. New-some, McDonald’s counsel’s absence is “presumptively prejudicial.” See also Mace v. State, 574 So.2d 886 (Ala.Cr.App.1990) (wherein court, in holding that counsel’s failure to appear at the defendant’s restitution hearing constituted ineffective assistance, found that counsel’s failure to appear was a complete denial of the assistance of counsel altogether and thus prejudice was presumed).
Accordingly, we remand this case to the circuit court with instructions to vacate McDonald’s 10-year sentence and to resentence him in a sentencing hearing at which counsel is present, unless McDonald waives the presence of counsel. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the sentencing proceedings conducted by the court.
REMANDED WITH INSTRUCTIONS*
All Judges concur.

. The court found no need to analyze separately the appellant’s right to be represented by counsel and the derivative right to effective assistance of counsel because, it reasoned, if the right to be represented by counsel was not waived, both rights were denied. See 755 F.2d at 1481, n. 6.

 Obviously, where the precise sentence for a particular offense is mandatorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not possibly be prejudicial. In that rare and narrow circumstance, the legal presumption of prejudice due to the absence of counsel would not apply. Cf. Williams v. Beto, 354 F.2d 698, 704 (5th Cir.1965). Whenever the sentencing proceeding is more than ministerial, however, the presence of counsel is essential to guide the sentencing court in the exercise of its power and discretion, and to protect the rights and interests of the defendant; the absence of counsel is therefore legally presumed to be prejudicial if the sentencing court had the legal authority to impose a more lenient sentence than it actually did.”

 Note from the Reporter of Decisions: On July 7, 1995, on return to remand, the Court of Criminal Appeals affirmed without opinion.