# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3637

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Roberto Villar, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 11, 1999

Filed:  August 24, 1999

_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Roberto Villar appeals from his fifteen-year sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  We affirm.

On April 30, 1997, two law enforcement officers found a loaded .12 gauge sawed-off shotgun and several shotgun shells in Villar's residence.  Villar later pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Because he had at least three prior felony convictions, Villar was subject

to the statutory minimum sentence of fifteen years' imprisonment under 18 U.S.C. § 924(e).

The presentence report suggested an imprisonment range of 188 to 235 months based on an offense level of 31 and a category VI criminal history. Villar moved the district court[1] for a downward departure pursuant to U.S.S.G. § 4A1.3 prior to sentencing. The district court granted Villar's motion, finding that the criminal history over-represented the seriousness of Villar's past criminal conduct. In imposing the statutory minimum sentence, the district court stated that but for the required minimum sentence, it would have sentenced Villar to a shorter term of imprisonment. Villar contends on appeal that the district court erred when it imposed the statutory minimum sentence and, alternatively, that the fifteen year sentence constitutes cruel and unusual punishment.

Villar argues that the district court could have departed below the statutory minimum under 18 U.S.C. § 3551(a), which states:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

Villar contends that the last sentence of section 3551(a) is ambiguous because it is unclear whether the pronoun "they" refers to "the purposes," "subparagraphs," or "the provisions of this chapter." This reading of the statute, however, ignores the first words, "except as otherwise specifically provided." 18 U.S.C. § 924(e) specifically

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

provides for a fifteen-year mandatory minimum sentence for any convicted felon in possession of a firearm, and we have held that a sentencing court ordinarily may not depart below a statutory minimum. See United States v. Rudolph , 970 F.2d 467, 470 (8th Cir. 1992). The only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. §§ 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision, neither of which conditions exists in Villar's case. See United States v. Rodriguez-Morales, 958 F.2d 1441, 1444 (8th Cir. 1992) (finding that the only authority to depart below a statutory minimum was section 3553(e)); Rudolph, 970 F.2d at 470 (same).

Although Villar argues that U.S.S.G. § 4A1.3 authorizes a departure in his case, departure provisions under the Sentencing Guidelines do not permit a sentencing court to depart below a statutory minimum. See United States v. Polanco, 53 F.3d 893, 897 (8th Cir. 1995) (finding that U.S.S.G. § 5K2.0 permitted a departure from the guideline range but not from the statutory minimum); Rodriguez-Morales, 958 F.2d at 1444 (holding that U.S.S.G. § 5K1.1 did not provide for a departure below the statutory minimum sentence, only a departure below the guideline range).

Villar's argument that a term of fifteen-years' imprisonment constitutes cruel and unusual punishment under the Eighth Amendment is foreclosed by our decision in Rudolph. See 970 F.2d at 470 (finding that the mandatory minimum sentence of fifteen years' imprisonment under section 924(e) does not violate the Eighth Amendment).

The judgment is affirmed.

A true copy.

   Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.