Steve STINSON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 3:99–0043.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 6, 2000.

F. Michie Gibson, Jr., Kittrell, Thrower & Kittrell, Nashville, TN, Gregory Dale Smith, Clarksville, TN, for petitioner.

Sunny A.M. Koshy, Office of U.S. Atty., Nashville, TN, for respondent.

### MEMORANDUM

ECHOLS, District Judge.

Presently pending before the Court is Respondent's Motion to Reconsider the Court's Order and Memorandum entered on April 4, 2000, (Docket Entry No. 34), to which Petitioner has responded in opposi-

tion. For the reasons explained herein, Respondent's Motion is hereby DENIED.

On October 17, 1997, Petitioner pled guilty to an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court subsequently sentenced Petitioner to 180 months, what the Court believed to be the minimum sentence authorized under federal law. On January 13, 1999, Petitioner filed a Motion under U.S.C. § 2255 to vacate, set aside, or correct his sentence on grounds that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. (Docket Entry No. 1). Specifically, Petitioner alleged that he was not fully aware of the charges against him and that he was under the impression that he would only be placed on probation as a result of the plea agreement. Respondent moved to dismiss Petitioner's habeas petition, and the Court granted Respondent's Motion (Docket Entries No. 4 and 5).

On July 6, 1999, Petitioner filed a Motion for Reconsideration of the Court's Order denying Petitioner's § 2255 motion. (Docket Entry No. 6).[1] In an Order entered on August 24, 1999, the Court indicated that it was inclined to grant the relief requested in Petitioner's Motion for Reconsideration and scheduled an evidentiary hearing to air the allegations made in Petitioner's Motion. (Docket Entry No. 12). The Court held an evidentiary hearing in this matter on January 27, 2000.

In an Order and accompanying Memorandum entered on April 4, 2000, the Court granted Petitioner's Motion for Reconsideration and vacated Petitioner's sentence imposed by the Court on February 2, 1998. (Docket Entries No. 32 and 33).[2] In so holding, the Court first determined that defense counsel's ineffective assistance of counsel in failing to file an appeal when specifically instructed to do so by Petitioner constituted an error of constitutional magnitude that "had substantial and injurious effect or influence" on Petitioner's case. The Court further determined that defense counsel's ineffective assistance of counsel in failing to seek a downward departure under guideline section 4A1.3 on the ground that the career offender designation[3] overstated the seriousness of Petitioner's criminal history constituted a second error of constitutional magnitude that "had substantial and injurious effect or influence" on Petitioner's case. Accordingly, by a separate order entered in *United States v. Steve Stinson,* Criminal Case No. 3:97–00065, the Court appointed counsel to represent Defendant Stinson and set a new sentencing date.

Respondent now asks the Court to Reconsider its Order and Memorandum granting Petitioner's Motion and vacating Petitioner's sentence pursuant to 28 U.S.C. § 2255. Respondent contends that although the Court has the discretion to depart downward in career offender cases

---

1. On that same day, Petitioner filed a Notice of Appeal to the Sixth Circuit Court of Appeals. (Docket Entry No. 7). By Order entered on the docket on August 24, 1999, (Docket Entry No. 12), the Court reserved its ruling on Petitioner's Motion for Reconsideration pending Petitioner's compliance with the procedures outlined in *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993). The Court noted, however, that the allegations raised by Petitioner in his Motion for Reconsideration "are sufficiently exceptional or extraordinary so to justify relief under Rule 60(b)(6)." (Docket Entry No. 11).

Pursuant to the Order of the Sixth Circuit Court of Appeals entered September 3, 1999, (Docket Entry No. 14), Petitioner voluntarily

dismissed his appeal of the Court's prior Order. The Court then reopened Petitioner's habeas petition.

2. In the same Order and accompanying Memorandum, the Court denied Respondent's Motion to Accept the Affidavit Statement of Nathaniel Koenig, Petitioner's former attorney. (Docket Entry No. 29).

3. Defendant's sentence actually was enhanced under the armed career offender statute (18 U.S.C. § 924(e)) which is governed by USSG § 4B1.4, not the career offender statute (28 U.S.C § 994(h)) which is governed by USSG § 4B1.1, but Defendant's claim of ineffective assistance of counsel applies equally to both.

pursuant to the authorities cited in the Court's Memorandum, Petitioner's case does not fall within the career offender guideline, United States Sentencing Guideline § 4B1.1. Instead, Respondent asserts that Petitioner is an armed career criminal, whose sentence is governed by the statutory mandatory minimum required by 18 U.S.C. § 924(e), implemented in § 4B1.4. Citing the case of *United States v. Smith*, 966 F.2d 1045 (6th Cir.1992), Respondent concludes that because Petitioner is an armed career offender, the Court is without power in this instance to even consider a downward departure from the mandatory minimum sentence of fifteen years.[4]

■ In response, Petitioner contends that Respondent overlooked controlling precedent that is directly on point. The Court agrees with Petitioner. In the 1996 case of *United States v. Sanders*, 97 F.3d 856 (6th Cir.1996), *cert. denied*, 519 U.S. 1132, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997), the Sixth Circuit specifically acknowledged that a district court has the power to sentence an armed career criminal to an incarceration period below that which is set out in the sentencing guidelines. *See id.* at 861–62. The Sixth Circuit explained:

> [A]lthough the guidelines prescribe Category IV as the "minimum" starting point for the criminal history of armed career criminals, *there is nothing in the guidelines which would prohibit a departure below this level.* Indeed, the background section to § 4B1.4 not only notes that in some cases "the criminal history category [prescribed] may not adequately reflect the defendant's crimi-

nal history" but also makes reference to § 4A1.3. Section 4A1.3 authorizes downward departures when a defendant's criminal history category "over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. *Consequently, the Sentencing Commission appears to have contemplated departures from the enumerated criminal history category of IV.*

*Id.* at 861 (emphasis added). The court went on to say that a downward departure "would especially seem appropriate" in the *Sanders* case because the district court had noted that it would depart if it had authority to do so. *Id.* at 861–62.[5] Thus, even though Petitioner's sentence was enhanced pursuant to the armed career criminal statute, downward departures are permissible under the sentencing guidelines. *See Sanders*, 97 F.3d at 861–62.

■ The *Smith* case cited by Respondent preceded the *Sanders* case and did not involve the application of the armed career criminal statute. The defendant/petitioner in *Smith* was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D1.1(c), which provide a mandatory minimum five-year sentence for the manufacture of 100 or more marijuana plants. *See Smith*, 966 F.2d at 1049. Respondent also cited a recent case from the Eighth Circuit Court of Appeals, *United States v. Villar*, 184 F.3d 801, 803 (8th Cir.1999), in support of its contention. This Court is not bound by the decisions of courts from other circuits. *See Salmi v. Secretary of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985).

---

4. According to Respondent, there are only two provisions through which a court can impose a sentence below a statutory mandatory minimum and neither apply in this case: (1) application of the "safety valve" provision of United States Sentencing Guideline §§ 2D1.1.(b)(6) and 3553(f)(1)-(5); and (2) when the defendant provides substantial assistance and Respondent files a motion pursuant to 18 U.S.C. § 3553(e).

5. Judge Merritt, concurring in part and dissenting in part in the *Sanders* decision, characterized the case as one in which "a draconian sentence of over 15 years" was imposed for possession of a shotgun. *See Sanders*, 97 F.3d at 862. In the instant case, Defendant possessed a .22 caliber rifle which he used only for hunting and target practice. The same "draconian sentence" of fifteen years was imposed.

Therefore, as instructed by the Sentencing Guidelines and the Sixth Circuit Court of Appeal's decision in *United States v. Sanders*, 97 F.3d 856 (6th Cir.1996), the Court concludes that Respondent's Motion to Reconsider should be DENIED. Accordingly, Petitioner's Sentencing Hearing will be held on July 7, 2000, at 9:00 a.m. as previously scheduled.

### ORDER

Presently pending before the Court is Respondent's Motion to Reconsider the Court's Order and Memorandum entered on April 4, 2000, (Docket Entry No. 34), to which Petitioner has responded in opposition.

For the reasons explained in the Memorandum entered contemporaneously herewith, Respondent's Motion is hereby DENIED. As previously scheduled, Petitioner's Sentencing Hearing will be held on July 7, 2000, at 9:00 a.m.

It is so ORDERED.