# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3442

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Dane Allen Yirkovsky, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2001

Filed: August 1, 2001

_____

Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Dane Allen Yirkovsky ("Yirkovsky") appeals from a final judgment entered in the United States District Court[1] for the Northern District of Iowa sentencing him to 180 months in prison after he plead guilty pursuant to a written plea agreement to possession of ammunition as a felon in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g) and 924(e). See United States v. Yirkovsky, No. 1:99CR0064-001 (N.D. Iowa Oct. 12, 2000) (judgment). For reversal, Yirkovsky

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

argues that his sentence was grossly disproportionate to the gravity of the offense, thereby constituting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Jurisdiction in the district court was proper based upon 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P.4(a). For the reasons set forth below, and pursuant to 8th Cir. R. 47B, we affirm the judgment of the district court.

The factual background is based on the facts to which Yirkovsky stipulated in his plea agreement and to which he testified in his hearings in the district court. In late fall or early winter of 1998, Yirkovsky was living with Edith Turkington at her home in Cedar Rapids, Iowa. Instead of paying rent, Yirkovsky agreed to remodel a bathroom at the home and to lay new carpeting in the living room and hallway. While in the process of removing the old carpet, Yirkovsky found a Winchester .22 caliber, super x, round. Yirkovsky put the round in a small box and kept it in the room in which he was living in Turkington's house.

Subsequently, Yirkovsky's ex-girlfriend filed a complaint alleging that Yirkovsky had her property in his possession. A police detective spoke to Yirkovsky regarding the ex-girlfriend's property, and Yirkovsky granted him permission to search his room in Turkington's house. During this search the detective located the .22 round. Yirkovsky admitted to police that he had placed the round where it was found by the detective.

Yirkovsky was indicted on September 28, 1999, and plead guilty to one count of being a felon in possession of ammunition after having previously been convicted of three or more violent felonies, 18 U.S.C. § § 922(g), 924(e). Title 18 U.S.C.

§ 922(g) provides that it is unlawful for a person convicted of a crime punishable by imprisonment for a term exceeding one year, to possess ammunition. Section 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years, and notwithstanding any other provision of the law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under 922(g).

U.S.S.G. § 4B1.4(a) provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."

Yirkovsky entered into a written plea agreement in which he acknowledged guilt as charged and further acknowledged that under U.S.S.G § 4B1.4 his base offense level should be calculated by starting at 33, with a three-level downward adjustment for acceptance of responsibility, resulting in a final offense level of 30. The plea agreement further stated that Yirkovsky understood that under U.S.S.G. § 5G1.1(b) he was subject to a 15-year (180 months) statutory minimum sentence even if the guideline range otherwise established is below 180 months.[2]

Because Yirkovsky had two convictions for second degree burglary and one for attempted burglary, and was convicted of burglary of three United States post offices, the district court found that Yirkovsky was an armed career criminal under 18 U.S.C. § 924(e). See Transcript of plea hearing at 15-22. Yirkovsky did not object to this

---

[2]U.S.S.G. § 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

finding.  The district court sentenced Yirkovsky to the 180-month mandatory minimum sentence required by 18 U.S.C. § 924(e) but withheld the actual entry of the sentence, giving Yirkovsky the opportunity to file a brief on the issue of whether or not the fifteen-year mandatory minimum sentence constitutes cruel and unusual punishment under the Eighth Amendment.  <u>See</u> Transcript of sentencing hearing at 9. Subsequently, the district court held that it had no discretion in the matter and sentenced Yirkovsky to 180 months imprisonment.[3]

On appeal, Yirkovsky argues that the sentencing guidelines which require that he be imprisoned for 180 months violate his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  In support of this position, he argues that a sentence of 180 months in prison is grossly disproportionate to his crime of having in his possession only one round of ammunition. In further support of his argument, Yirkovsky cites decisions from the Northern District of Iowa from 1994 through 1999, in which defendants were sentenced for violations of 18 U.S.C. § § 922(g)(1) and  924(e). <u>See</u> Appellant's Ex. 1.  Yirkovsky suggests that, although his crime was the least serious, he received a sentence which was disproportionately lengthy when compared to these cases.  However, Yirkovsky acknowledges in his brief to this court that "[e]very circuit to have considered [this] issue has concluded that the fifteen year mandatory minimum sentence under the ACCA is neither disproportionate to the offense nor cruel and unusual punishment." Brief for Appellant at 10 (citing <u>United States v. Reynolds</u>, 215 F.3d 1210 (11th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 500 (2000)).

_____

[3]The district court acknowledged that, with a base offense level of 33, with a three-level downward adjustment and a criminal history category of VI, the sentencing range "would normally be 168 to 210 months, but because of the fifteen-year mandatory minimum, that becomes 180 to 210 months."  Transcript of plea hearing at 22.

In <u>United States v. Rudolph</u>, 970 F.2d 467, 470 (8th Cir. 1992) (<u>Rudolph</u>), this court held that the mandatory minimum sentence of fifteen years imprisonment under § 924(e) is not cruel and unusual punishment and does not violate the Eighth Amendment. Subsequently, we held in <u>United States v. Villar</u>, 184 F.3d 801, 803 (8th Cir. 1999), that our consideration of this issue is foreclosed by our decision in <u>Rudolph</u>.[4] We, therefore, hold that the district court did not err in finding that imposition of the statutorily mandated minimum sentence of 15 years (180 months) is not cruel and unusual punishment under the Eighth Amendment. We affirm the judgment of the district court imposing this sentence. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]In our view Yirkovsky's sentence of fifteen years is an extreme penalty under the facts as presented to this court. However, as we state above, our hands are tied in this matter by the mandatory minimum sentence which Congress established in 18 U.S.C. § 924(e).