**UNITED STATES of America, Appellee,**

v.

**Dane Allen YIRKOVSKY, Appellant.**

No. 00–3442.

United States Court of Appeals, Eighth Circuit.

Dec. 26, 2001.

Patrick J. Reinert, U.S. Atty's Office, Cedar Rapids, IA, Jamie Bowers, U.S. Atty's Office, Sioux City, IA, for Plaintiff-Appellee.

Dane Allen Yirkovsky, Rochester, MN, pro se.

Joh J. Bishop, Cedar Rapids, IA, for Defendant-Appellant.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting, in which Chief Judge WOLLMAN, and Judge BOWMAN, join.

### ORDER

Under the relevant rules, a case is appropriate for *en banc* consideration if a rehearing "is necessary to secure or maintain uniformity" in our decisions, or if the case "involves a question of exceptional importance." See Fed. R.App. P. 35(a)(1) and (a)(2). I believe that this case qualifies for rehearing *en banc* on both counts.

The answer to the question of whether a sentence violates the eighth amendment is heavily dependent on the circumstances of the individual case, and so the fact that no federal appellate court has ever found that a fifteen-year mandatory sentence under ACCA was unconstitutional is entitled to even less weight than it usually is. For instance, *United States v. Reynolds*, 215 F.3d 1210 (11th Cir.2000) (*per curiam*), *cert. denied*, 531 U.S. 1000, 121 S.Ct. 500, 148 L.Ed.2d 470 (2000), which the panel opinion cites, see *United States v. Yirkovsky*, 259 F.3d 704, 706–07 (8th Cir.2001), is not a particularly persuasive authority because it involved a twelve-gauge shotgun, see 215 F.3d at 1212, not merely a single twenty-two caliber bullet. The panel opinion also states that while the sentence in this case represented "an extreme penalty under the facts," the court felt that its "hands [were] tied in this matter by the mandatory minimum sentence which Congress established." *Yirkovsky*, 259 F.3d at 707 n. 4. With respect, and on the contrary, a court is obliged to determine whether a criminal sanction offends the eighth amendment, and I believe that we

ought to take the case up *en banc* to consider whether the panel's holding does not run counter to our recent case of *Henderson v. Norris,* 258 F.3d 706 (8th Cir.2001).

The draconian nature of this sentence is as evident to me as it was to the panel, and the severity of sentences in general under the United States Sentencing Guidelines and recent congressional enactments is, or ought to be, a matter of great public concern to every citizen. The number of people incarcerated in this country is unparalleled and growing exponentially, and the costs of criminal penalties in terms of dislocated lives and public treasure is probably incalculable. The court *en banc* ought therefore to consider the constitutionality of the sentence imposed in this case. I suggest that on its face the sentence is grossly disproportionate to the offense for which it was imposed.

I would therefore grant the petition for rehearing *en banc.*