United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN P. SIMON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:02-CR-82-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stephen Simon appeals from a jury trial conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Simon argues that the district court erred in imposing an Armed Career Criminal Act (ACCA) enhancement pursuant to 18 U.S.C. § 924(e) to his sentence. He also argues that the ACCA enhancement constitutes cruel and unusual punishment in violation of the Eighth Amendment. Simon has abandoned on appeal his argument that the application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing guidelines violates the Supreme Court's ruling in Blakely v. Washington, 524 U.S. 296 (2004). See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Simon argues that the predicate offenses used by the district court did not fit the definition of a burglary to warrant the application of the ACCA enhancement. Because Simon has preserved his argument in the district court, we review the issue de novo. See United States v. Montgomery, 402 F.3d 482, 485 (5th Cir. 2005).

Louisiana defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein." LA. REV. STAT. ANN. § 14:62 (West Supp. 2005). Louisiana's statute defines burglary more broadly than the "generic burglary" of a building that is contemplated by the ACCA. See Shepard v. United States, 125 S. Ct. 1254, 1257 (2005); Taylor v. United States, 495 U.S. 575, 599 (1990). The district court thus was required to determine whether Simon's simple burglary convictions constituted "generic burglary" convictions. See Shepard, 125 S. Ct. at 1258.

Simon concedes that his prior conviction for burglary of Crowley Junior High School qualifies as a "generic burglary" for purposes of § 924(e). The record reflects that he has at least two prior burglary convictions that also meet the generic burglary definition under § 924(e). See Taylor, 495 U.S. at 599.

Specifically, his burglaries of the businesses H & M Meatpacking Company and Tiffani's Lounge necessitate the existence of a building or structure.  See id.  Accordingly, the district court did not err in applying the ACCA enhancement.

Simon renews his argument raised in the district court that the application of the ACCA constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The ACCA has not been held unconstitutional under the Eighth Amendment.  See Harmelin v. Michigan, 501 U.S. 957, 965 (1991); United States v. Yirkovsky, 259 F.3d 704, 706-07 (8th Cir. 2001); United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000).

AFFIRMED.