# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3825

_____

United States of America,

        Appellee,

    v.

Christopher D. Livingston, also known as John Thurman,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[PUBLISHED]

_____

Submitted: October 12, 2005
Filed: April 5, 2006

_____

Before RILEY, HANSEN, and COLLOTON, Circuit Judges.

_____

HANSEN, Circuit Judge.

Christopher D. Livingston appeals the district court's application of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2000), to his sentence for Unlawful Possession of a Firearm by a Convicted Felon and Aiding and Abetting the Receipt of Stolen Firearms, 18 U.S.C. §§ 922(g), 922(j), & 2. Livingston argues that his prior state court conviction for breaking or entering a vehicle under Arkansas law is not a violent felony for purposes of the ACCA. We agree, vacate his sentence, and remand for resentencing.

Livingston pleaded guilty to Unlawful Possession of a Firearm by a Convicted Felon and Aiding and Abetting the Receipt of Stolen Firearms. The ACCA sets a mandatory minimum sentence of fifteen years for any conviction under 18 U.S.C. § 922(g) if the defendant "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony[1] or a serious drug offense." 18 U.S.C. § 924(e)(1). The district court applied the ACCA to Livingston's sentence based on three prior state convictions for breaking or entering a vehicle, first degree battery, and attempted residential burglary. The district court then calculated a Guidelines sentencing range of 180 to 188 months, the bottom of which was based on application of the fifteen-year statutory mandatory minimum, and sentenced Livingston to a 180-month sentence.[2] Livingston challenges the district court's characterization of his prior conviction for breaking or entering a vehicle as a violent felony for purposes of the ACCA.

We review de novo the legal issue of whether Livingston's prior conviction was a violent felony for purposes of the ACCA. United States v. Johnson, 417 F.3d 990, 995 (8th Cir. 2005). Livingston argues that breaking and entering a vehicle is not included in the offense of burglary, the first enumerated crime listed in § 924(e)(2)(B)(ii), while the government focuses on the "otherwise involves" clause at the end of § 924(e)(2)(B)(ii). We agree with Livingston that breaking and entering

---

[1]A "violent felony" for purposes of the ACCA is defined as:

any crime punishable by imprisonment for a term exceeding one year, . . . that–(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

§ 924(e)(2)(B).

[2]Without application of the ACCA, Livingston's Guidelines range would have been 151 to 188 months.

a vehicle is not included within the definition of burglary as used in § 924(e)(2)(B). See Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1257 (2005) ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."); Taylor v. United States, 495 U.S. 575, 599 (1990) (limiting § 924(e) burglary to generic burglary of a building or other structure, noting that some state statutes provide broader definitions that include burglary of automobiles or vending machines). The Supreme Court left open the possibility that crimes that do not fit within the generic definition of burglary may still fit within the "otherwise involves" definition of a violent felony. Taylor, 495 U.S. at 600 n.9. We turn then to the issue of whether breaking and entering a vehicle in violation of Arkansas law "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

"[T]o determine whether a prior conviction was a violent felony within the meaning of the 'otherwise involves' provision in § 924(e)(2)(B)(ii), the sentencing court must first determine whether the elements of that prior crime involved or described conduct that 'necessarily entails a serious potential risk of physical injury.'" United States v. McCall, No. 04-1143, 2006 WL 625687, at *2 (8th Cir. Mar. 15, 2006) (en banc) (quoting United States v. Montgomery, 402 F.3d 482, 488 (5th Cir. 2005) (emphasis added)). We apply Taylor's categorical approach to our inquiry, focusing only on the elements of the offense rather than the underlying facts of Livingston's conviction. Id.

Livingston was convicted of breaking or entering in violation of Arkansas Code § 5-39-202, which criminalizes the breaking or entering of a variety of items for the purpose of committing a theft or felony. Because the statute of conviction criminalizes the breaking or entering of various things, including "any building, structure, vehicle, vault, safe, cash register, money vending machine," or similar containers, § 5-39-202(a), we look to the charging papers for the limited purpose of determining the specific elements for which Livingston was convicted. See Taylor,

495 U.S. at 602; McCall, 2006 WL 625687, at *5-6 (extending Taylor's use of the facts as stated in the charging papers in applying the categorical approach for defining burglary to determining whether a prior conviction satisfied the "otherwise involves" prong of § 924(e)(2)(B) and noting that fact recitals listed in a PSR that are attributable to the charging papers and not objected to by the defendant are sufficient to establish the charged conduct). According to the presentence report (PSR), the charging instrument in Livingston's breaking and entering conviction, charged that "on the 28th day of August 1983, for the purpose of committing a theft, [Livingston] did, enter or break into a vehicle." (PSR at 4, ¶ 29.) We must therefore decide whether the act of breaking or entering a vehicle for the purpose of committing a theft necessarily "involves conduct that presents a serious potential risk of physical injury to another." We conclude that it does not.

The government argues that our prior case of United States v. Sun Bear, 307 F.3d 747 (8th Cir. 2002), cert. denied, 539 U.S. 916 (2003), is controlling here and that we are bound by it to conclude that breaking and entering a vehicle in violation of Arkansas Code § 5-39-202 is a violent felony. In Sun Bear, we held that an attempted theft of an operable vehicle in violation of section 76-6-404 of the Utah Code was a "crime of violence" for purposes of the U.S. Sentencing Guidelines Manual (USSG) § 4B1.2(a)(2)[3] under its "otherwise involves" clause, which is identical to the "otherwise involves" clause contained in § 924(e)(2)(B)(ii). 307 F.3d at 752-53. See also United States v. Sprouse, 394 F.3d 578, 581 (8th Cir. 2005) (relying on Sun Bear to hold that a felony conviction for motor vehicle theft is a violent felony under § 924(e)).

In Sun Bear, we evaluated not only the risks entailed by the crime itself, but also the likely consequences of the crime. 307 F.3d at 752. After reviewing our

---

[3]The definition of "crime of violence" under USSG § 4B1.2 is identical to the definition of "violent felony" under § 924(e) except that the list of enumerated crimes in § 4B1.2 includes "burglary of a dwelling," whereas § 924(e) lists only "burglary."

precedents holding that commercial burglary and walkaway escapes are crimes of violence under the "otherwise involves" clause of USSG § 4B1.2(a), we concluded that vehicle theft "presents a likelihood of confrontation as great, if not greater, than burglary of commercial property, and it adds many of the dangerous elements of escape." Id. We noted that the crime "begins when a thief enters and appropriates a vehicle," and that "[o]nce the thief drives away with the vehicle, he is unlawfully in possession of a potentially deadly or dangerous weapon." Id. (emphasis added). Sun Bear is a case close to, if not sitting on, the line that delineates the farthest reaches of what we are willing to call a violent felony. Indeed, other circuits have determined that automobile theft is not a crime of violence, with whom we parted ways in Sun Bear. See, e.g., United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002) (en banc) (holding that a Texas conviction for motor vehicle theft is not a crime of violence for purposes of § 4B1.2 of the Guidelines); United States v. Crowell, 997 F.2d 146, 149 (6th Cir. 1993) (holding that aggravated motor vehicle theft under Colorado law was not a crime of violence under the Guidelines). We must decide if breaking and entering a vehicle for the purpose of committing a theft is sufficiently akin to automobile theft that we are bound by Sun Bear, or if it is different enough that we can draw the violent felony line between theft of a vehicle and breaking or entering a vehicle.

We start by determining whether the en banc decision in McCall affects the precedent set by Sun Bear. In McCall, the en banc court held "that, by its nature, a felony conviction for *driving* while intoxicated presents a serious potential risk of physical injury to another and is therefore a violent felony under the 'otherwise involves' provision in § 924(e)(2)(B)(ii)." McCall, 2006 WL 625687, at *4. The court remanded the case, however, because the Missouri statute also made criminal the *operation* of a motor vehicle while intoxicated, which the Missouri courts have construed to include "merely causing the vehicle to function by starting its engine." Id. at *5. The court noted that there were scenarios in which operating a motor vehicle while intoxicated would not necessarily present a serious risk of physical

injury, for example, the inebriated car owner who chooses to sleep off his drunken state in his car, but turns on the engine to keep warm. Id. Without the charging papers from the two prior DWI offenses, the court could not determine whether McCall was charged with driving or merely operating a vehicle while intoxicated.

While physical injury need not be an element of the underlying offense, "the inherent potential for harm must be present, if not in every violation, at least in a substantial portion of the circumstances made criminal by the statute." Id. at *3. In other words, the criminal conduct contemplated by the offense must present "the 'inherent potential for harm to persons.'" Id. (quoting Taylor, 495 U.S. at 588). The McCall court noted that driving in and of itself creates a risk of physical injury, but determined that that risk was not a "serious potential" one. The court relied on statistics tending to prove what has become common knowledge, that driving under the influence of alcohol drastically increases the risk of physical injury, to the point of creating a serious potential risk of physical injury sufficient to satisfy the "otherwise involves" prong of the definition of a violent felony. Id. at *4 & n.3 (providing statistics).

Another case recognized the difference between operating a vehicle and merely possessing it. In Johnson, we held that the Missouri crime of tampering with an automobile by unlawful operation was sufficiently similar to automobile theft to constitute a violent felony. See Johnson, 417 F.3d at 997. The Missouri statute under which Johnson was convicted included both tampering by operation and tampering by possession, the latter of which required that the defendant merely enter a vehicle in a manner consistent with possession, whereas the former required the defendant to start the automobile's engine. Under Missouri law, tampering by possession is a lesser included offense of automobile theft, and we concluded that "tampering by operation represents an escalated, and more dangerous, form of tampering by possession." Id. at 998. Finding tampering by operation indistinguishable from the automobile theft in Sun Bear, we affirmed the district court's application of the ACCA. Id. at 997.

The Johnson panel recognized a difference between the offenses of tampering by operation and tampering by possession, holding that the former was a violent felony but indicating that the latter was not. See id. at 998 n.6 (finding it necessary to distinguish between tampering by operation and tampering by possession in applying the Taylor categorical approach because specific categories of a general statute may be violent felonies while other categories may not); see also United States v. Adams, No. 05-2180, 2006 WL 721793, at *1 (8th Cir. Mar. 23, 2006) ("[T]he Missouri crime of tampering with a motor vehicle is 'overinclusive' in that tampering by operation involves conduct that presents a serious potential risk of physical injury to another, while tampering by possession does not . . . ."). Although tampering by possession does not explicitly contain the additional element of entering for the purpose of committing a theft, as involved in the present case, it does reinforce our belief that breaking or entering a vehicle entails less of a potential for physical harm than automobile theft.

In Sun Bear, we were concerned with the thief's unlawful possession and operation of a potentially deadly or dangerous weapon–the vehicle. Sun Bear, 307 F.3d at 753. We noted the risk created by a thief driving recklessly and turning any pursuit into a high speed chase and the potential for harm to pursuing police officers or innocent bystanders. Id. All that we have here is breaking or entering a vehicle for the purpose of committing a theft, a class D felony under Arkansas law. A thief breaking into a vehicle is not appropriating and operating a potentially deadly weapon unless he also commits the crime of theft of the vehicle. Breaking and entering alone contemplates a thief who breaks into a vehicle for the purpose of stealing, for example, compact discs or a stereo, and then flees the targeted vehicle. Although it could be argued that Livingston intended to steal the vehicle, that fact was not charged in the indictment, and we are limited to those charges. Furthermore, if the evidence supported those facts, Livingston could have been charged with the potentially more serious crime of attempted auto theft. See Ark. Code § 5-36-103 (punishing auto theft of a vehicle worth more than $2,500 as a class B felony and a vehicle worth between

$500 and $2,500 as a class C felony); Ark. Code § 5-3-203 (punishing attempt one level below the punishment for the substantive crime). Thus, the circumstances that created many of the dangers found to be of concern in <u>Sun Bear</u> are not present here. We cannot say that a substantial portion of the convictions for breaking or entering a vehicle with the purpose of committing a theft includes, as a categorical matter, the potential for the type of harm we found inherent in vehicle theft.

<u>Sun Bear</u> relied on the similarities of automobile theft to the offenses of breaking into a commercial building and escape. We determined that the offense of automobile theft was similar to the "powder keg" associated with escape because of the thief's control and operation of the stolen vehicle. <u>Sun Bear</u>, 307 F.3d at 752 (noting "that every escape is a 'powder keg' with 'the serious potential to explode into violence'"). As we noted above, those dangers are lacking here, where there is no element of control or operation of the vehicle into which the defendant breaks or enters. Our final consideration is <u>Sun Bear</u>'s concerns stemming from the similarities between automobile theft and burglarizing a commercial building.

The Supreme Court distinguished burglary of a vehicle from burglary of a building, though it left open the possibility that an offense similar to generic burglary of a building or structure might fit the "otherwise" prong under § 924(e). <u>See</u> <u>Taylor</u>, 495 U.S. at 600 n.9. "[I]n order to fall under the 'otherwise' clause, a breaking and entering offense must contain elements truly comparable to those of a burglary–comparable enough that the offense poses an equivalent risk of physical injury." <u>United States v. Peterson</u>, 233 F.3d 101, 110 (1st Cir. 2000) (holding that a Rhode Island offense for unlawful breaking and entering of a dwelling house that did not have a criminal intent element was not a violent felony because there were many circumstances covered by the offense that did not create the risk created by breaking and entering with the intent to commit a crime). But it requires something more than breaking and entering a vehicle to meet the "otherwise" prong in this case–if not, breaking and entering a vehicle would fit the burglary prong, a proposition rejected

by the Supreme Court in <u>Taylor</u> and <u>Shepard</u>.  In <u>Sun Bear</u>, the additional element of the control of a stolen vehicle supplied the "something more" that made the risk of physical injury  attendant to automobile theft equivalent to the risk of physical injury inherent in generic burglary of a building.  There are no additional elements to the breaking or entering of a vehicle offense that make a substantial portion of its convictions as inherently likely to result in physical harm as the risk of physical injury stemming from the burglary of a building.

Our reasoning in <u>McCall</u> and <u>Johnson</u> convinces us that breaking or entering a vehicle is one step removed from the dangers inherent in automobile theft and that breaking or entering a vehicle does not cross the line into what constitutes a violent felony.  Both cases recognize a difference in the dangers inherent in operating a vehicle as opposed to merely possessing a vehicle.  Further, <u>McCall</u> reinforces the categorical approach required by <u>Taylor</u>, that "the inherent potential for harm must be present, if not in every violation, at least in a substantial portion of the circumstances made criminal by the statute." <u>McCall</u>, 2006 WL 625687, at *3.  Because the offense of breaking or entering a vehicle for the purpose of committing a theft does not require the offender to possess, much less operate, the vehicle, we believe it creates less danger of physical harm than vehicle theft, and subsequently the outcome of this case is not controlled by <u>Sun Bear</u>.  We hold that breaking or entering a vehicle for purposes of committing a theft under Arkansas law is not a violent felony for purposes of the ACCA.  We therefore vacate the sentence imposed by the district court and remand for resentencing.

Because we reverse the district court's application of the Armed Career Criminal Act and remand for resentencing, we need not address Livingston's <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), challenge.  Livingston's sentence is vacated, and the case is remanded for resentencing consistent with this opinion.

_____