# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1987

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Horacio Parra-Moraza, also known as | * | |
| Shady, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 5, 2006
Filed: May 11, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Horacio Parra-Moraza pleaded guilty to conspiring to distribute and possess with intent to distribute more than 50 grams of actual methamphetamine, aiding and abetting the distribution of more than 50 grams of actual methamphetamine, and aiding and abetting the distribution of more than 5 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & (B), 846, and 18 U.S.C. § 2. Parra-Moraza appeals his sentence arguing that (1) it was error for the district court to treat his California second-degree burglary convictions as crimes of violence which triggered the career-offender enhancement; (2) the district court violated the principles in United States v. Booker, 543 U.S. 220 (2005), by holding him responsible for a

drug quantity larger than that to which he had pleaded guilty; and (3) his sentence is unreasonable.

Because the district court treated the Guidelines as advisory, it did not commit Booker error by making a drug-quantity finding, see Booker, 543 U.S. at 233, 244-46, 258-60, and the court's finding was amply supported by evidence presented at the sentencing hearing, see United States v. Allen, 440 F.3d 449, 452 (8th Cir. 2006) (standard of review).

We find, however, that the district court erred in concluding that Parra-Moraza's two second-degree burglary convictions were crimes of violence for purposes of the career-offender Guideline. See U.S.S.G. §§ 4B1.1, 4B1.2; United States v. Lindquist, 421 F.3d 751, 753 (8th Cir. 2005) (standard of review). Parra-Moraza was convicted under Cal. Penal Code §§ 459 (defining burglary) and 460(b) (defining second-degree burglary) (2006), which criminalize the breaking into and entering of such things as sealed cargo containers and vehicles. We therefore look to the charging papers introduced at sentencing. These papers alleged that Parra-Moraza had entered another person's locked vehicle to commit theft, which we have held does not involve a substantial risk of physical injury to another. See United States v. Livingston, 442 F.3d 1082, 1084-87 (8th Cir. 2006) (where burglary statute criminalizes various types of conduct, court looks at charging papers to decide whether burglary was violent felony within meaning of "otherwise involves" provision of Armed Career Criminal Act (ACCA)[1]; breaking and entering vehicle

---

[1]Under 18 U.S.C. § 924(e)(2)(B)(ii) the definition of "violent felony" includes any felony that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Under the career-offender Guideline, a "crime of violence" similarly includes any crime that is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(2). The parties agree that Parra-Moraza's offense does not constitute generic burglary.

charged in indictment is not violent felony); <u>United States v. Abernathy</u>, 277 F.3d 1048, 1051 (8th Cir.) (noting ACCA and Guidelines define crime of violence and violent felony in identical terms), <u>cert. denied</u>, 535 U.S. 1089 (2002); <u>cf.</u> <u>Sareang Ye v. INS</u>, 214 F.3d 1128, 1133-34 (9th Cir. 2000) (California conviction for entering locked vehicle with intent to steal was not "crime of violence" under 18 U.S.C. § 16, because it was not offense that by its nature, involved substantial risk that physical force against person or property of another might be used in committing offense).

Accordingly, we remand for resentencing consistent with this opinion, and thus we do not address Parra-Moraza's final argument that his sentence was unreasonable.

_____