# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1126

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Laleroy James Hampton, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: September 23, 2008
Filed: October 6, 2008

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Laleroy James Hampton pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and the indictment listed more than five prior felony offenses. During the plea colloquy, Hampton admitted that he possessed the firearm and admitted to having been

convicted of the prior felony offenses. The district court[1] sentenced Hampton to 180 months of imprisonment pursuant to § 924(e)(1) (requiring a mandatory 15-year minimum sentence for a felon in possession of a firearm who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another").

Hampton asserts that the district court erred by imposing the 15-year mandatory minimum sentence. He asserts that because he pleaded guilty to several of the prior charges on the same day, they should have been grouped together and not counted separately. We review de novo the legal issue of whether a defendant's prior conviction constitutes a violent felony under § 924(e). United States v. Livingston, 442 F.3d 1082, 1083 (8th Cir. 2006). The plain language of the statute requires only that the three prior felonies must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Whether he pleaded guilty on the same day is immaterial. Five of Hampton's prior felony convictions listed in the indictment involved attempted battery, domestic battery, or aggravated assault that occurred on different occasions, and the enhancement is triggered with a showing of only three.

Hampton's attempt to offer what he described as mitigating circumstances regarding his reasons for entering those prior guilty pleas is ineffectual. He does not argue that they were constitutionally invalid. See United States v. Cornelius, 968 F.2d 703, 706 (8th Cir. 1992) (remanding for a determination of whether a prior guilty plea was constitutionally infirm and thus not a suitable basis for imposing a § 924(e) enhancement). While he argues that some of the injuries resulting from his conduct were not serious, a serious injury is not required under § 924(e). A violent felony is, in relevant part, any crime punishable by imprisonment for over one year that "has as an element the use, attempted use, or threatened use of physical force against the

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

person of another." 18 U.S.C. § 924(e)(2)(B)(i). Felony convictions for battery and aggravated assault meet this definition, and the district court did not err by imposing the 15-year sentence required under § 924(e)(1).

We also reject Hampton's assertion that the district court abused its discretion by failing to depart downward. Absent a government motion to depart on the basis of substantial assistance or qualification for safety-valve relief, the district court has no discretion to impose a sentence below the mandatory minimum sentence required by statute. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). For the same reason, Hampton's statutory mandatory minimum sentence is not unreasonable. United States v. Gregg, 451 F.3d 930, 937-38 (8th Cir. 2006).

Finally, Hampton argues that § 924(e) is unconstitutional as applied to him. We have previously rejected his argument that § 924(e) is unconstitutionally vague under the Due Process Clause. See United States v. Childs, 403 F.3d 970, 972 (8th Cir.), cert. denied, 546 U.S. 954 (2005); see also United States v. Bates, 77 F.3d 1101, 1105-06 (8th Cir.) (holding § 924(e) does not violate due process on grounds of lack of notice), cert. denied, 519 U.S. 884 (1996). We also reject Hampton's assertion that the 15-year sentence is grossly disproportionate to his crime. He acknowledges that this argument is foreclosed by this court's prior decisions, see United States v. Villar, 184 F.3d 801, 803 (8th Cir. 1999); United States v. Rudolph, 970 F.2d 467, 470 (8th Cir. 1992), cert. denied, 506 U.S. 1069 (1993); but urges this court to reconsider the issue. In this circuit, however, one panel is not free to overrule another panel's opinion. United States v. Snyder, 511 F.3d 813, 818 (8th Cir.), cert. denied, 128 S. Ct. 2947 (2008). In accordance with this court's sound precedent, we hold that § 924(e)(1) is not unconstitutional as applied in this case.

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we affirm the judgment of the district court.

_____