# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3690

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael E. Verner, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 25, 2008
Filed: December 1, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Verner pleaded guilty to two counts of being a felon in possession of a firearm. The district court sentenced him as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 based on his three previous Missouri felony convictions for driving while intoxicated (DWI). Verner argues on appeal that his prior convictions for DWI do not constitute violent felonies qualifying him as an armed career criminal, and that the Armed Career Criminal Act (ACCA) is unconstitutionally vague because the residual clause does not sufficiently define the criminal offenses that trigger the statutory minimum.

While this appeal was pending, the Supreme Court overruled <u>United States v. McCall</u>, 439 F.3d 967, 969 (8th Cir. 2006) (en banc) (felony DWI conviction is violent felony under ACCA), and held that driving under the influence of alcohol is not a violent felony for purposes of the ACCA. <u>See</u> <u>Begay v. United States</u>, 128 S. Ct. 1581, 1583 (2008). Accordingly, we vacate Verner's sentence and remand to the district court for resentencing consistent with <u>Begay</u>. <u>See</u> <u>United States v. Livingston</u>, 442 F.3d 1082, 1083 (8th Cir. 2006) (review standard). In these circumstances, we find it unnecessary to address Verner's vagueness argument.

_____