# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3934

_____

United States of America,   *
              *
     Appellee,   * Appeal from the United States
              * District Court for the
   v.        * District of Minnesota.
              *
Barry Mitchell Page,    * [UNPUBLISHED]
              *
     Appellant.   *

_____

Submitted: July 17, 2007
Filed: July 27, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

A jury found Barry Mitchell Page guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 180 months in prison, the statutory minimum under 18 U.S.C. § 924(e), and five years of supervised release. Page appeals, raising six arguments. After carefully reviewing the record and his submissions on appeal, we affirm the judgment of the district court.

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

First, we conclude that the defense of entrapment did not require Page to be acquitted and that the defense of outrageous government conduct did not require the charges to be dismissed.  See United States v. Cannon, 88 F.3d 1495, 1506 (8th Cir. 1996).  Second, we conclude that the special-verdict form submitted to the jury did not affect Page's sentence.  See 18 U.S.C. §§ 922(g) and 924(e)(1).  Third, we conclude that he has not met his burden to show that the government knowingly put on false evidence or perjured testimony at trial.  See United States v. Funchess, 422 F.3d 698, 701 (8th Cir. 2005), cert. denied, 126 S. Ct. 1452 (2006).  Fourth, we conclude that Page also has not met his burden to show that the government suppressed material evidence favorable to his defense.  See United States v. Cazares, 465 F.3d 327, 333 (8th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. Mar. 12, 2007) (No. 06-10088).  Fifth, we conclude that the record as a whole shows that he was sufficiently aware of the dangers and disadvantages of self-representation when the district court granted his motion to proceed pro se with standby counsel.  See United States v. Crawford, Nos. 06-3464/3465/3466, 2007 WL 1610468, at *3 (8th Cir. June 6, 2007).  Sixth, we conclude that Page's sentence is not cruel and unusual.  See United States v. Yirkovsky, 259 F.3d 704, 705-07 (8th Cir. 2001).

For these reasons, we affirm the judgment of the district court.  Finally, we deny Page's pending motion for "mandatory judicial notice."

_____