[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13531
Non-Argument Calendar
_____

D. C. Docket No. 96-14051-CR-JCP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE CASTMA,
a.k.a. Pierre Castana,
a.k.a. Christian,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 18, 2008)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Pierre Castma, proceeding pro se, appeals from the district court's denial of

his "motion to reopen time for appeal/motion for extension of time to file notice of

appeal," which he filed pursuant to the Rule 4 of the Federal Rules of Appellate Procedure. Castma currently is serving a 365-month term of imprisonment, based on his convictions on one count of conspiracy to possess with intent to distribute cocaine base and four counts of possession with intent to distribute cocaine base. On appeal, he argues that the district court erred by denying his "motion to reopen," in which he sought an extension of time in which to appeal the denial of an earlier post-judgment motion relating to his 1998 convictions, because he showed that he did not receive notice of an order entered against him until over a year after the order was entered.[1] After careful review, we affirm.

We review the decision on a motion for an extension of time to appeal for abuse of discretion. See Advance Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1324-25 (11th Cir. 1996) (applying the "excusable neglect" standard to excuse untimely notices of appeal in criminal cases to a civil context). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), cert. denied, 127 S. Ct. 1908 (2007). However, "[l]iberal construction does not mean liberal deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir.

---

[1]   Although Castma was convicted in 1998 and sought post-judgment relief several times between 2001 and 2006 without success, his notice of appeal is timely only as to the district court's July 3, 2007 order on his "motion to reopen."

1999) (affirming a district court's dismissal of a pro se § 1983 case on statute of limitations grounds), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after" the entry of the order being appealed.  Fed. R. App. P. 4(b)(1)(A)(i).  Although the clerk of court must provide notice to the defendant regarding an order entered on any post-arraignment motion, a clerk's failure to do so "does not affect the time to appeal, or relieve -- or authorize the court to relieve -- a party's failure to appeal within the allowed time."  Fed. R. Crim. P. 49(c); see also Fed. R. App. P. 26(b) (providing that courts cannot extend the time to file a notice of appeal, except as authorized by Rule 4).

Rule 4(b), in turn, authorizes a 30-day extension of the time period for filing the notice of appeal, upon a finding by the district court that the failure to file during the original period resulted from "excusable neglect'" or good cause. United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983); Fed. R. App. P. 4(b)(4).  However, such an extension cannot "exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  Fed. R. App. P. 4(b)(4).

> In criminal cases, this court has customarily treated a late notice filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for extension of time but a motion that properly should be decided by the district court.  In such cases it

3

is the practice of this court to remand to the district court for a determination whether excusable neglect justifies an extension.

Ward, 696 F.2d at 1317-18 (citations omitted).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure, which applies to civil cases, permits the district court to reopen the time to file an appeal, but only if the following three conditions are met:

(A)     the court finds the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)     the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)     the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A-C).

Even if we were to construe Castma's earlier appellate proceedings as civil in nature, and thus subject to Rule 4(a)(6), because he did not file the instant appeal within the 180-day time limit specified in Rule 4(a)(6)(B), the district court did not abuse its discretion in denying his motion.  Moreover, to the extent Castma's motion is criminal in nature, because the notice of appeal was not timely under Rule 4(b), the district court did not abuse its discretion is denying his motion. Accordingly, we affirm the district court's denial of Castma's motion to reopen the

time to file an appeal.

**AFFIRMED.**