[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 7, 2008
THOMAS K. KAHN
CLERK

No. 08-10693
Non-Argument Calendar

_____

D. C. Docket No. 07-00219-CR-J-20-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND THOMAS HUTTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 7, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Raymond Thomas Hutto appeals his 18-month sentence imposed after the

revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e).

## I.

Hutto pleaded guilty in 2006 to conspiracy to distribute, distribution of, and possession with intent to distribute methylenedioxymethamphetamine. The district court sentenced Hutto to 14 months imprisonment, to be followed by 3 years of supervised release. On April 12, 2007, Hutto completed his term of imprisonment for the drug charges and began the supervised release portion of his sentence.

In 2007 Hutto's probation officer filed a Petition for Warrant for an Offender Under Supervised Release, alleging that Hutto had violated the terms of his supervised release by failing both to reside in a residential reentry center for 120 days and to participate in a drug aftercare treatment program. In December 2007 Hutto was released on an unsecured bond, but he was subsequently brought back before the court and ordered confined after his probation officer alleged that Hutto had tested positive for cocaine and had admitted to using cocaine.

The district court conducted a revocation hearing on January 29, 2008. At that hearing, Hutto admitted to violating the terms of his supervised release. His father and mother spoke on his behalf, describing Hutto's positive characteristics and his promotion to assistant manager at his job. The district court noted that it had considered the parties' statements, the opinion of Hutto's probation officer, the

2

underlying presentence investigation report, as well as the factors set forth in 18 U.S.C. § 3553(a). Based on those considerations, the court sentenced Hutto to 18 months imprisonment. The district court went on to explain that there was a continuing pattern of drug and alcohol abuse and that Hutto's prior sentence had not interrupted that pattern. A longer sentence, the court reasoned, might be necessary to make Hutto realize that he needed to change his life.

Hutto timely appealed the district court's sentence. He contends that the 18-month sentence, which was outside the guideline range of 3 to 9 months, is unreasonable. According to Hutto, his sentence does not adequately account for his personal characteristics such as full time employment in a position of responsibility and goes beyond what is necessary to deter future criminal conduct and protect the public.

## II.

This Court reviews a sentence imposed upon revocation of supervised release for reasonableness, United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006), and our review is deferential, United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We must ensure that the sentence is both procedurally and substantively reasonable. Gall v. United States, 525 U.S. __, __, 128 S. Ct. 586, 597 (2007). On the one hand, procedural unreasonableness may be the result

3

of "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. Substantive reasonableness, on the other hand, requires us to consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.

We must, however, "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. The fact that we might reasonably have imposed a different sentence is insufficient to justify reversal. Id. The party challenging the sentence bears the burden of establishing that it is unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide the defendant with needed training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities; and (10) the need to provide

4

restitution to victims.  18 U.S.C. § 3553(a)(1)–(7).

In certain instances district courts may revoke a term of supervised release. Specifically, after considering the factors set forth in § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7), if the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release," it may revoke the term and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." Id. § 3583(e)(3).

The 18-month sentence imposed by the district court in this case after revoking Hutto's supervised release was reasonable, even though it exceeded the guidelines range.  The district court indicated that it had considered the § 3553(a) factors as well as the 3 to 9 month advisory guideline range.  See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (stating that "an acknowledgment by the district judge that he or she considered the § 3553(a) factors will suffice"). However, the court went on to explain why it felt an 18-month sentence was appropriate for Hutto, who had admitted to repeated violations of the terms of his supervised release.  Thus, there is no indication that the 18-month sentence was procedurally unreasonable.  See Gall, 525 U.S. at ___, 128 S. Ct. at 597.

Nor was the sentence substantively unreasonable.  In imposing the 18-month

sentence, the district court weighed the evidence presented concerning Hutto's positive personal characteristics against his continuing pattern of supervised release violations and drug and alcohol abuse. Although Hutto contends that the district court failed to adequately consider his employment record and imposed a sentence that goes beyond that which is necessary to deter future crimes and protect the public, "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006). Furthermore, although the district court was required to consider the guideline range, it was not bound to sentence Hutto within that range. See United States v. Brown, 224 F.3d 1237, 1242 (11th Cir.2000) (noting that, while a district court must consider the policy statements of Chapter 7 of the Sentencing Guidelines, it is not bound by those statements in imposing a sentence after revocation of supervised release). Hutto has, therefore, failed to carry his burden of establishing the substantive unreasonableness of his sentence. See Gall, 525 U.S. at ___, 128 S. Ct. at 597. Accordingly, we conclude that Hutto's 18-month sentence was reasonable.

**AFFIRMED.**