# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3139

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Ellis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 24, 2018
Filed: April 24, 2018
[Unpublished]

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jason Ellis appeals after he pleaded guilty to child-pornography charges and the district court[1] sentenced him to a total of 60 years in prison, including two

_____

[1]The Honorable Timothy L. Brooks, United States District Court Judge for the Western District of Arkansas.

consecutive prison terms. The district court also imposed supervised release for life and a $20,000 fine. In this court, Ellis's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of Ellis's total prison time. Ellis has filed a *pro se* brief, arguing that the imposition of consecutive prison terms was improper, that his fine is excessive, and that the court should have ordered a mental-health evaluation.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence, *see United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing a sentence under a deferential abuse-of-discretion standard and discussing substantive reasonableness), and that the imposition of consecutive prison terms was proper, *see* U.S.S.G. § 5G1.2(d) (stating that if the total punishment exceeds the statutory maximum for the counts of conviction, the sentence on one or more counts shall run consecutively to the extent necessary to produce a combined sentence equal to the total punishment). We further conclude that no plain error occurred with respect to the fine, *see United States v. Allmon*, 500 F.3d 800, 807 (8th Cir. 2007) (indicating that the imposition and amount of a fine are reviewed for plain error where the defendant did not object below), and that the court did not abuse its discretion in failing to order a mental-health or competency evaluation, *see United States v. Crawford*, 487 F.3d 1101, 1105 (8th Cir. 2007) (reviewing the district court's failure to order a competency evaluation for an abuse of discretion).

Finally, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____